MICHAEL D. HELTZELL, Respondent, *v.* JAMES P. LANGFORD
*et al.*, Appellants.

*Pleading—Mechanic's Lien.*—In a petition to enforce a mechanic's lien, all
the facts necessary for securing the lien must be stated. The petition
must show when the account accrued and when the account of the demand
was filed. If these facts be not stated, the petition is fatally defective and
judgment will be arrested. (Acts, 1856–7, p. 668–9.)

*Appeal from St. Louis Law Commissioner's Court.*

*I. T. Wise,* for respondent.

This was a cause wherein plaintiff sues the defendants Lang-
ford & Stephenson as contractors and Randall and Hohen-
schild as owners of a building to enforce a lien for the value
of materials, &c., used in the construction of the same.

By the evidence it appears that one Coleman, a sub-con-
tractor, first got the goods and chattels from plaintiff, and the
point made by appellant that he (Coleman) should have been
joined as a co-defendant is not tenable. The statutory de-
fendants being joined, is sufficient for the plaintiff to main-
tain his suit. (Mechanics' Liens, Acts, 1857, § 8.)

There is no error in the record, and plaintiff asks for an
affirmance of the judgment, with ten per cent. damages, there
being not even probable error to justify this appeal.

*R. F. Wingate,* for appellants.

I. The plaintiff's petition was insufficient in not alleging
that the plaintiff gave the notice required by sec. 18, act of
February 14, 1857, he not being an original contractor, and
such an allegation being necessary to entitle him to a lien by
the 7th section of said Acts, 1857, pp. 669–670, § 8 & 18.

II. Also in not showing when the lien therein mentioned
was filed, so that it might have appeared to have been filed
within the time required by the 3d sec. of the act above re-
ferred to ; also in not showing who the contractors for the
erection of said building were, as required by said 3d sec. of
said act; also in not alleging that the account of lien was

Heltzell v. Langford.

filed within ninety days next before the commencement of his suit (sec. 15 of the act above referred to) ; also in not alleging when the merchandise was sold and delivered.

DRYDEN, Judge, delivered the opinion of the court.

This action was brought under the lien law specially applicable to St. Louis county. (Sess. Acts, 1856–7, pp. 668–9.)

The act provides that in all suits under it "the petition, among other things, shall allege the facts necessary for securing the lien." One of the requisite facts is that the creditor shall, *within a time limited*, file an account of his demand in the proper office. The time of filing is a material, issuable fact, which must be alleged and without which the petition will not show a cause of action. It is not enough to aver the filing of the demand without an averment of the time when ; for a filing at the wrong time is as inefficacious as if not filed at all. The petition should therefore show the time when the account was filed, so that the court may see and pronounce the judgment of the law that a cause of action exists, and that the defendant may have an opportunity of taking issue upon the fact material to the plaintiff's right.

In this case there is a total omission to show in the petition when the account was filed, as well as the time when the indebtedness accrued ; and for this cause the petition is fatally defective, and the motion in arrest ought to have been sustained.

As the case will have to go back and the plaintiff amend his petition, we would suggest in view of what was disclosed by the evidence on the trial, whether Coleman, the witness, is not the real debtor of the plaintiff, and therefore a necessary party defendant.

There were other questions raised in the case, but which it is not necessary should be decided now.

With the concurrence of the other judges, the judgment is reversed and the cause remanded, with leave to the plaintiff to amend his petition.