William J. Gault, Defendant in Error, *v.* John Soldani, Plaintiff in Error.

*Practice—Pleading—Mechanic's Lien.*—In a suit to enforce a mechanic's lien under the statute, the petition must set forth the facts which show that the plaintiff has a lien and the right to enforce it. It must aver the filing of an account in the proper office, and the date of that filing ; and if such averment be omitted, the petition is fatally defective upon motion in arrest of judgment.

*Error to Kansas City Common Pleas Court.*

*H. B. Bouton*, for plaintiff in error.

I. Defendant's motion in arrest should have been sustained ; the petition does allege a cause of action. (R. C. 1855, p. 1065, Mechanic's Lien, § 1 & 6 ; Briggs et al. v. Worrel & Fields, 33 Mo. 157 ; Heltzell v. Langford et al., 33 Mo. 396.)

II. The court erred in causing an inquiry of damages to be made at the same term in which the interlocutory judgment was rendered. (R. C. 1855, p. 1280, § 10 ; Hopkins v. McGee, 33 Mo. 312.)

Bates, Judge, delivered the opinion of the court.

This was a suit to recover the value of work and labor performed, and material furnished, by plaintiff for defendant, in the construction of a dwelling-house for the defendant, and to enforce his lien upon the said premises.

Plaintiff was the contractor, and the suit is brought under the general law relating to mechanics' liens. Process was duly served upon the defendant, but failing to answer judgment was taken against him ; whereupon he filed his motion in arrest of judgment, upon the ground that the petition did not state facts sufficient to constitute a cause of action ;

which motion was overruled, and the cause is now brought here by writ of error.

The plaintiff in error complains of certain irregularities in the form of the judgment, but no point was made or exception taken, in reference to them, in the court below, and they therefore will not be considered here. The court, however, should have sustained the motion in arrest, for the petition is radically defective.

The act provides that the petition, among other things, shall allege the facts necessary for securing a lien under the act. To entitle a contractor to such a lien, he is required by the court to file with the clerk of the Circuit Court of the county in which the building, erection or other improvement to be charged with the lien is situated, and within ninety days after the materials shall have been furnished or the labor performed, a just and true account of his demand, after allowing all credits.

It is not averred in the petition that he filed any account whatever. The averment in the petition is, that within ninety days after the work was done, and materials furnished, he filed in the recorder's office of Jackson county his mechanic's lien. In Heltzell v. Langford, 33 Mo. 396, we held that it was not only necessary that the petition should aver the filing of the account in the proper office, but also the time when filed, the time of filing being a material issuable fact.

The other judges concurring, the judgment is reversed and the cause remanded, with leave to the plaintiff to amend his petition.