Bradish v. James.

BRADISH v. JAMES, *Appellant.*

1. **Mechanic's Lien**: PLEADING. The petition in an action to enforce a mechanic's lien should state the date when the materials were furnished and the labor was done, and also of the filing of the lien.

2. **Description of Land**: EXCESS. The lien account is sufficient as to the description of the premises sought to be subjected to the lien, if it is so specific and definite as to enable one, familiar with the locality, to identify them. The mere fact of the excess of one acre in the description will not avoid the lien.

*Appeal from Phelps Circuit Court.*—HON. V. B. HILL, Judge.

REVERSED.

*Smith & Krauthoff* for appellant.

(1) The tract against which the lien is sought to be enforced being over one acre in extent, the judgment is contrary to law and cannot stand. *Engleman v. Graves,* 46 Mo. 348; *Williams v. Porter,* 51 Mo. 441; *Wright v. Beardsley,* 69 Mo. 548; *Ranson v. Sheehan,* 78 Mo. 668. (2) The defendant pleaded payment in the answer and no reply was filed, and the judgment is erroneous for that reason. R. S., secs. 3524, 3525, 3545. The defendant did not waive the objection, as it objected to evidence offered by plaintiff to disprove the plea of payment. It is now too late to file a reply. *Ladd v. Couzins,* 35 Mo.

513.  (3)  The petition was fatally defective in not stating the date of filing the lien. *Gault v. Soldani*, 34 Mo. 150; *Heltzell v. Langford*, 33 Mo. 396. (4) The plaintiff was not entitled to recover on the evidence. No contract for the work was shown and plaintiff, therefore, did not have a lien. *Hause v. Thompson*, 36 Mo. 450; *Hause v. Carroll*, 37 Mo. 578; *Porter v. Tooke*, 35 Mo. 107. (5) There was no evidence that the plaintiff had taken the requisite steps under the statute to secure a lien. No proof was offered of the filing of the account, although the allegations of the petition on the subject were put in issue by the answer, nor is there anything to show that this action was commenced within ninety days after the filing of the account, if one was filed. These were necessary to be shown to entitle the plaintiff to a lien, and in the absence of proof of them there could be no recovery. *Gault v. Soldani*, 34 Mo. 150; *Heltzell v. Langford*, 33 Mo. 396; *Lee v. Chambers*, 13 Mo. 238; *Mulloy v. Lawrence*, 31 Mo. 583; *Williams v. Porter*, 51 Mo. 441, 442; *Hall v. Johnson*, 57 Mo. 221.

*C. C. Bland* for respondent.

EWING, C.—This suit was commenced on the 28th day of February, 1879, by filing the following petition: "Plaintiff states that the defendant owes him $97.80, an itemized account of which is herewith filed. (It may be remarked just here that this account has no date except 1878.) That said Jane E. James is a minor. That said indebtedness accrued on account of labor done and material furnished in and upon a frame dwelling house, one and one-half stories high, etc. (Here follows a full description of the house.) Said building is situated upon the following described parcel of ground, in the county of Phelps aforesaid, to-wit: Beginning at the northeast corner of said house, in the northwest quarter of the northeast quarter of section 5, in township 38, range 8 west, running thence from said northeast corner of said

house to the center of the Rolla and Vienna road, which runs through the said northwest quarter of the northeast quarter; thence along said road in a southerly direction, 100 feet; thence west 400 feet; thence north 200 feet; thence east 400 feet to the said road; then to the point where the line from the northeast corner of the house running east intersects the said road. That said work and labor was done under a contract with the said Jane E. James and her guardians and curator, Thomas James, F. B. Dismer, and Kate Dismer. That the said Jane E. James is the owner of the said described house and parcel of land. That within six months from the date of performing the said work and labor and furnishing the said materials the plaintiff made out a statement of his account and a description of the above described property, verified by his affidavit, and filed the same in the office of the clerk of the Phelps circuit court, intending thereby to charge the above described property with his lien as a mechanic, for the value of his said work and labor, and the said materials. That by said declaration he did acquire his lien upon the aforesaid property. Wherefore he prays judgment," etc.

The defendant answered by guardian, *ad litem,* in which the indebtedness on any account is denied. Denies that the account accrued on account of labor performed or material furnished at her request or at the request of any one by her authorized to make such request or contract, and alleges that she has no knowledge, etc., as to whether plaintiff had filed his alleged mechanic's lien, etc., and demanded proof.

I. The first question for consideration is the sufficiency of the petition. It is urged by the appellant that the petition does not contain the necessary allegations to constitute a cause of action. There being no appearance here on the part of the respondent the court is left in the dark as to his position. Sec. 3176, Rev. Stat., 1879, provides that every original contractor, seeking to obtain the benefits of a mechanic's lien, shall "within six

months  *  *  *  after his indebtedness shall have ac-
crued, file with the clerk of the circuit court of the
proper county a just and true account of the demand due
him  *  *  *  *  after all just credits have been given,
which is to be a lien upon such building or other im-
provements, and a true description of the property, or so
near as to identify the same, upon which the lien is in-
tended to apply, with the name of the owner or
contractor, or both if known to the person filing the lien,
which shall in all cases be verified by the oath of himself
or some credible person for him." The last clause of
sec. 3179, Rev. Stat., 1879, provides as follows: "The
petition, among other things, shall allege the facts nec-
essary for securing a lien under this article and shall
contain a description of the property charged there-
with." Section 3187, Rev. Stat., 1879, provides that:
"All actions under this article shall be commenced
within ninety days after filing the lien."

The petition alleges that within six months from the
date of furnishing the materials and performing the
labor he filed his statement and account, etc., but it fails
to state the date of the last item of the account or the
date of filing the statement, and there is no basis from
which to proceed. The time of filing is certainly ma-
terial. Also, the date at which the materials were
furnished and the labor performed. Because, to create a
lien it must be filed within 6 months after the labor is per-
formed or materials furnished, and the suit must be
brought within ninety days after filing the statement,
etc. So that, unless these facts be found by the jury, no
lien can exist, and if not alleged they cannot be proven.
In *Heltzell v. Langford*, 33 Mo. 396, this court say:
"The time of filing is a material, issuable fact, which
must be alleged and without which the petition will not
show a cause of action. It is not enough to aver the
filing of the demand without an averment of the time
when; for a filing at the wrong time is as inefficacious as
if not filed at all. The petition should therefore show

the time when the account was filed, so that the court may see and pronounce the judgment of the law that a cause of action exists, and that the defendant may have an opportunity of taking issue upon the fact material to the plaintiff's right." So, in *Gault v. Soldani*, 34 Mo. 150, one of the issues submitted to the jury in such cases is whether the plaintiff has a lien or not. That depends upon facts, to-wit: Were the materials furnished and labor performed and, if so, when? Did the plaintiff file his statement and account and affidavit and, if so, when?' Did he commence his suit within the proper time, etc.?' *Williams v. Porter*, 51 Mo. 441.

II. The bill of exceptions in this case does not show that the plaintiff offered in evidence the statement, account and affidavit required and alleged to have been filed with the clerk. There was no evidence tending to show when it was filed, or whether it was ever filed, without which no jury could legally say that a lien existed and the court ought to have instructed the jury to that effect. 51 Mo. 441.

III. Notwithstanding the fact that the above view will reverse the case, yet we deem it not inappropriate to refer to the objection made to the petition on account of alleged insufficient description of the land sought to be subjected to the lien. It is insisted by the appellant that the land as described is in excess of one acre and therefore the judgment must be reversed. It would seem from 46 Mo. 595, in the case of *Oster v. Rabeneau*, a different rule was laid down. In discussing the question as to whether an excess of land over one acre included in the description would void the lien, Currier, J., says: "All it (the statute) requires, therefore, is that the lienor shall furnish, in filing his lien, such a description as will be sufficient to point out and identify the property. It provides that the lienor shall file a true description of the property, *or so near as to identify the same.* * * * If it was made sufficiently full and accurate to furnish the means of identification that was sufficient. If it in-

.cluded too much the lien was void as to the excess, no doubt; but to hold the lien void throughout because of such excess, in the absence of fraud or any wrongful intent, would be to initiate a line of decisions in direct hostility to the purposes of the legislature, as these purposes are disclosed by the enactment under review." *De Witt v. Smith*, 63 Mo. 263, quotes this doctrine from the above case with approval. So that the mere fact of excess in description will not void the lien. The true doctrine now seems to be settled that if the description is specific and definite enough, so as to enable one familiar with the locality to identify the premises intended to be covered by the lien, it will be sufficient. *De Witt v. Smith, supra.*

As it is not necessary for the determination of this case, we do not pass upon the sufficiency of this description, but only remark that from the description as made in the petition and judgment it would appear to be difficult to identify this land, whatever one might be able to do upon an actual inspection of the premises. But, even if the land described could, upon actual survey, be located and identified, yet it seems pretty clear that the description as used would contain more than one acre, the quantity of land to which a mechanic's lien may attach in the country, and unless the trial court can ascertain the specific acre so as to identify it as that upon which the building is located, no intelligent judgment could be rendered. *Williams v. Porter*, 51 Mo. 441. The description is by specific metes and bounds, but some of it is without course or distance, and nothing but an actual survey could fix the location or quantity of said land. As the plaintiff may desire to amend his petition we make these suggestions for his future guidance. Let the judgment be reversed and the cause remanded. All concur, except Hough, C. J., absent.