ROBERT EWING, Respondent, v. J. E. DONNELLY ET AL., Appellants.

**St. Louis Court of Appeals, December 8, 1885.**

1. EXECUTIONS — MOTION TO QUASH — JURISDICTION — PRACTICE. — A motion to quash an execution will not lie for errors or irregularities preceding the judgment which are not jurisdictional.

2. JUSTICES—STATEMENT — MECHANIC'S LIENS — JURISDICTION — PRACTICE.—In a proceeding before a justice, to enforce a mechanic's lien, all jurisdictional facts must affirmatively appear upon the face of the proceedings.

3. ——— From the time a mechanic files his account with the circuit court until the final judgment before a justice, each step in the proceeding should be evidenced by record entries.

4. ——— The filing of notice in the clerk's office of the circuit court before beginning the suit, and a filing of a sufficient statement before the justice, are jurisdictional facts in a mechanic's lien case.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded.*

D. T. JEWETT, for the appellants: A motion filed before the circuit court from which the execution issued, to suppress such execution, is the proper remedy in this

case. Const. of Mo., art. 6, sect. 23 ; *Dillon v. Rash*, 27 Mo. 243 ; *Bain v. Chrisman*, 27 Mo. 293 ; *Ruby v. Hannibal & St. Jo. R. R. Co.*, 39 Mo. 480 ; *Caldwell v. Fea*, 54 Mo. 55. Unless the plaintiff took all the necessary steps before process issued, to give the justice jurisdiction of the subject matter of the case, the proceedings before the justice are void, and this matter will be looked into by the higher courts in any stage of the proceedings, either on motion to suppress or on appeal. *Kansas City v. Flanagan*, 69 Mo. 23 ; *Missouri City v. Hutchinson*, 71 Mo. 46 ; *State ex rel. v. Baker*, 74 Mo. 394. A "just and true account," as called for by the statute, is an itemized account with debit and credit, or it is no lien. *Mc Williams v. Allen*, 45 Mo. 573 ; *Graves v. Pierce*, 53 Mo. 423.

F. A. C. McMANUS, for the respondent: Where there is no question as to jurisdiction the law conclusively presumes that the judgment rendered is lawful, and courts will so construe it as to give it its proper legal effect. It can not be attacked for error or irregularity upon a motion to quash the execution; such a motion must be grounded on something subsequent to the judgment ; and where the execution substantially pursues the judgment, there is no fault in the execution. 5 Mo. App. 123, 525 ; 22 Ga. 570 ; 18 Ala. 658 ; 4 Pa. St. 296 ; 38 Mo. 159 ; 2 Wall. 69 U. S. 38 ; 34 Mo. 188. The justice had jurisdiction of the subject matter, of the amount. and of the persons. 9 Mo. App. 42 ; 46 Mo. 337. If the petition states a cause of action its defects of statement are cured by verdict. 9 Mo. App. 205, 275, 316.

ROMBAUER, J., delivered the opinion of the court.

The defendant, Walker, is the owner of certain real estate in the city of St. Louis, and the plaintiff obtained a judgment on a mechanic's lien against this property before a justice of the peace under the provisions of article 4, chapter 44, Revised Statutes. The defendant

appealed from such judgment but his appeal was dismissed in the circuit court for want of notice.

A transcript of the justice's judgment was thereupon filed in the clerk's office of the circuit court, and an execution issued thereon under the provisions of section 2878, Revised Statutes, against James E. Donnelly, the contractor, and the property of Isaac H. Walker. The defendant moved to quash this execution, on the ground that the proceedings before the justice were without jurisdiction in the premises, against the defendant's property. His motion was overruled by the court, and the correctness of that ruling is brought here for review by this appeal.

It will be thus seen that the only point for our consideration is whether the judgment of the justice, as far as the same affects the defendant, Walker's, property, is void for want of jurisdiction. Mere error or irregularity, preceding the rendition of the judgment, would not warrant a motion to quash the final process issued thereon, but want of jurisdiction will. *Holzhour v. Meer*, 59 Mo. 434.

Two points are made by the appellant on the question of jurisdiction. First, that it does not appear in the record that the plaintiff filed with the clerk of the circuit court, the notice required by section 2874, showing when and before what justice of the peace the suit was to be instituted. Second, that it does affirmatively appear that he did not file with the justice, a statement of the facts constituting his cause of action as required by section 2874.

There is no evidence in the record, as to whether the plaintiff ever complied with the provisions of the law first hereinabove stated, in regard to notice. If this was a mere question of jurisdiction of the defendant's person, we would not hesitate to hold that the defendant, Walker, waived the omission by personal appearance. *Robinson v. Walker*, 45 Mo. 120. But this is a question of jurisdiction of subject matter. A justice of the peace has no jurisdiction to entertain a mechanic's lien suit, until all

pre-requisite conditions to confer such jurisdiction upon him have been complied with. The notice, which the statute requires to be filed in the circuit clerk's office, prior to the institution of the suit, is as essential a pre-requisite as the filing of the account which is to constitute the lien ; and as the justice is not only an inferior court, but one whose jurisdiction in the premises is limited and statutory, his jurisdiction in these cases must appear on the face of the proceedings. *Cunningham v. Pacific R. R. Co.*, 61 Mo. 33 ; *Haggard v. Atlantic & P. R. R. Co.*, 63 Mo. 302 ; *Fletcher v. Keyte*, 66 Mo. 285 ; *McQuoid v. Lamb*, 19 Mo. App. 153 (1 West. Rep. 433).

A second point made by the appellant is likewise well taken. The statute requires that before any process shall be issued, the plaintiff shall file with the justice "a statement constituting his cause of action." The statement of such cause of action must necessarily include a statement of facts, which would give him a lien on the property. In proceedings under the same law in courts of record the statute provides that " the petition shall allege the facts necessary for securing a lien." In construing this latter law the courts of this state have uniformly held that the omission of any facts in the plaintiff's petition, which are essential to give him a lien, is fatal to the proceeding. *Heltzell v. Langford*, 33 Mo. 396 ; *Gault v. Soldani*, 34 Mo. 150 ; *Bradish v. James*, 83 Mo. 313. True it is that technical precision is not required in statements filed before a justice. *City of Kansas v. Johnson*, 78 Mo. 667. But here the justice's jurisdiction depends upon the fact that a statement constituting the cause of action be filed. Reasoning from analogies, and keeping the proposition in view, that the jurisdiction of inferior courts must appear upon the face of the proceedings, we must come to the conclusion that the statement filed before the justice must state all the facts essential to the plaintiff's cause of action as a lien against the property, before the justice can exercise jurisdiction against the property. This was unquestionably not done

in this proceeding. The statement filed before the justice neither avers any notice of suit filed with the circuit clerk, nor does it aver that the plaintiff complied with the requirements of the law in filing with the circuit clerk "a just and true account of the amount due him after all just credits have been given."

The allegation of the statement is that the plaintiff in proper time filed a notice of lien claimed upon said premises for the indebtedness aforesaid, which notice specified the amount of the claim. The law requires an account to be filed and not a notice of lien, and the allegation that the plaintiff filed a notice specifying the amount of the claim can not by any reasonable intendment be held to comprehend the filing of an account. This is not a case where a defective averment can be aided by verdict. The averment is jurisdictional and, therefore, essential. The rule on that subject, as applied to verdicts of courts of record, is, that matters informally stated are aided by verdict, but the omission of essential averments can not be thus supplied, unless the statement or declaration contains terms sufficiently general to comprehend them by fair and reasonable intendment. *Frazer v. Roberts*, 32 Mo. 457; *Jones v. Tuller*, 38 Mo. 363; *Inhabitants of Clinton v. Williams*, 53 Mo. 141; *International Bank v. Franklin Co.*, 65 Mo. 110.

These considerations lead inevitably to the conclusion that the judgment of the trial court overruling the plaintiff's motion to quash the execution must be reversed, and the cause remanded. It is so ordered. All the judges concur.

ROMBAUER, J., delivered the opinion of the court on motion for re-hearing.

The plaintiff's counsel in his arguments both on the hearing of the appeal and on the hearing of this motion, has lost sight of the reason which makes the general rules applicable to proceedings before justices of the peace in ordinary actions, inapplicable to proceedings

had before them for the enforcement of the lien of mechanics against the property benefited.

The legislature has seen fit to invest justices of the peace with jurisdiction in these cases, where the amount involved is small, but it has taken proper care that each step in the proceeding should notwithstanding be evidenced by some entry in the circuit clerk's office, that being the only place where parties are bound to look, whether such lien exists or not.

Until the filing of the account in the clerk's office, the lien of the mechanic is a secret lien. It is such from the necessity of the case. But from that moment on, each entry which aids to transform the inchoate lien into a valid charge against the property, must be found among the records of the clerk's office.

Where more than ninety days have elapsed after the filing of the lien account, creditors and purchasers are justified to assume that the lien has expired by limitation, in the absence of any record evidence that suit has been instituted thereon. It is for that reason that the law requires the record entry within such time, by notice filed showing when and before what justice suit will be instituted, provided the mechanic elects to sue before a justice. It is for that reason that we held that such notice is as essential a pre-requisite to the validity of the judgment as the filing of the account. We can not see on what principle we could dispense with one, which would not alike be applicable to both.

It is preferable, although perhaps not essential, that the filing of both the account and the notice should be averred in the statement filed before the justice, but it is indispensable that a compliance with the law as to both should appear on the face of the proceedings before the justice in one shape or another, to validate his judgment.

The application of correct legal principles to the facts of this case may work unexpected hardship to the plaintiff, but we can not permit our sympathies with an honest

creditor to outweigh considerations which we deem essential to the administration of law in the letter and spirit.

All the judges concurring, the motion for re-hearing is overruled.