W. SCHLUTER ET AL., Respondents, v. A. WIEDENBROCKER ET AL.; CHRIST. DORN, Appellant.

**St. Louis Court of Appeals, November 23, 1886.**

1. MECHANIC'S LIENS—JUSTICES—INARTIFICIAL STATEMENT.—A statement, in a suit before a justice to enforce a mechanic's lien, will support a lien judgment, if it contain the necessary jurisdictional averments, although it be inartificially drawn.

2. PRACTICE—CONCLUSIVENESS OF FINDINGS.—The findings of fact are conclusive, where no instructions are asked or given, and where there is substantial evidence to support such findings.

3. ——— EVIDENCE—INCOMPETENT TESTIMONY.—The admission of incompetent testimony to prove a fact, is not ground for a reversal of the judgment, where the evidence of the complaining party fully established such fact.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

HENRY BOEMLER, for the appellant.

JOHN F. WIELANDY, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This action was brought before a justice of the peace to enforce the lien of a sub-contractor upon the

leasehold interest of the defendant and appellant, Dorn, in certain described premises, and to recover a general judgment against the defendant, Wiedenbrocker, as principal contractor. The case was appealed to the circuit court, where, upon a trial before the court sitting as a jury, a general judgment was rendered against the contractor, and a special judgment against the leasehold interest of the owner, in conformity with the prayer of the petition. Dorn, the owner, has alone appealed.

I. The first objection of the appellant that the petition, upon which the action was commenced before the justice, does not state the necessary jurisdictional facts, within the rule laid down by this court in *Ewing v. Donnelly* (20 Mo. App. 6), is clearly not tenable. The petition sets forth with fullness of statement, though with some grammatical inaccuracy, all the facts required by the statute, to-wit: The doing of the work upon the premises (describing them) under a contract between the plaintiff and the defendant, Wiedenbrocker; the ownership of the premises by the defendant, Dorn; a contract, embracing the work, between Dorn and Wiedenbrocker; the filing by the plaintiffs in the office of the clerk of the circuit court, within four months of the doing of the work, of a just and true account thereof; an exhibition of this account in the body of their petition; and the allegation of a notification by them, ten days prior to the filing of such account, of their intention to bring an action to enforce their mechanic's lien against the premises, before the justice before whom this suit was brought. The filing of this petition and the service of the summons gave the justice jurisdiction to proceed to render *some* kind of a judgment; and any final judgment which he may have rendered, though void because of the plaintiff's failure to prove, as he had alleged, the necessary jurisdictional facts, and hence subject to collateral attack if not appealed from, under the rule in *Ewing v. Donnelly* (*supra*), would be sufficient to support an appeal to the circuit court.

II.  In the circuit court, the case, as thus laid in the petition, was fully proved, except as to the date as to when the last item of work was done.  There was a conflict of evidence as to whether it was done within four months of the filing of the account and claim of lien in the office of the clerk of the circuit court, and therefore it is sufficient to say that the finding of the circuit judge sitting as a jury, is conclusive on this point.  The claim of lien, embracing the just and true account required by the statute, was put in evidence, and so was the written notice given by the plaintiffs to the defendant, Dorn, of their purpose to bring an action before this particular justice to enforce their mechanic's lien, as required by section 3190, Revised Statutes.  Both of these instruments were in compliance with the statute.  No declarations of law were asked by either party, and none were given by the court.

III.  Complaint is made that the circuit court, against the objection of the defendant, Dorn, allowed the plaintiffs, when testifying as witnesses, to state that Wiedenbrocker, the principal contractor, told them that he was contractor for Dorn and that the houses were Dorn's houses.  These unsworn declarations of Wiedenbrocker were incompetent as against Dorn, to prove the facts necessary to charge Dorn.  They were hearsay evidence, and ought to have been excluded so far as Dorn was concerned.  But the error was rendered harmless to Dorn, by the fact that Wiedenbrocker was afterward put upon the stand as his witness and testified to the same facts, and by the further fact that Dorn subsequently took the stand as his own witness and did not deny such facts, but testified to his acceptance of the houses from the contractor, Wiedenbrocker, on a date named, a circumstance which was consistent only with the existence of such facts.  The error was, therefore, not prejudicial to the defendant, Dorn, and furnishes no ground for reversing the judgment.

The judgment will be affirmed.  It is so ordered. All the judges concur.