LOUIS HEIMBERGER, Respondent, v. JAMES B. HAR-RISON, Appellant.

**St. Louis Court of Appeals, March 13, 1900.**

1. **Mechanic's Lien:** JURISDICTION OF JUSTICE: STATEMENT, SUFFICIENCY OF. The jurisdiction of justices of the peace in suits to enforce a mechanic's lien is special, and every essential to its exercise must appear on the face of the proceedings.

2. ———: ———: NOTICE. In the case at bar the statement filed before the justice of the peace neither expressly, nor by intention, manifested therein, alleges any notice to the defendant owner of the lien claimed, nor of the previous filing of a just and true account in the circuit court.

3. **Practice, Trial:** PLEADINGS: AMENDMENT IN CIRCUIT COURT, WHEN PERMISSIBLE. Where an amendment in the circuit court is an attempted substitution of a new and totally different cause of action from the mere account alleged in the statement in the justice's court, it is not permissible under the statutes of this state.

Appeal from the Phelps Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED.

*J. B. Harrison* for appellant.

(1) This is an action in which it is sought to foreclose a mechanic's lien as appears by the amended statement filed

in the circuit court.    The lien, therefore, must be established by complying with every statutory requirement.    The notice must be given ten days before the filing of the lien, as provided by section 6723 of the Revised Statutes of 1889, notifying the owner that he holds a claim against such building, as this is a sub-contractor that is seeking to enforce the lien. Huett v. Truitt, 23 Mo. App. 443; Dolye v. Truitt, 23 Mo. App. 448.    (2)  "The account filed must be so itemized as to enable issue to be taken upon each item."   8 Mo. App. 588. "A paper merely stating between what dates material was furnished, and where it was used, but not attempting to state an account or the items thereof, is not a sufficient lien account."   Holcschneider   v. Page, 51 Mo.  App.  285.   (3) This account does not attempt to state how many bricks were used nor how much sand and mortar was used, nor how much lime was used, nor the value of each or any of them, but simply avers for so many feet of brick and for so many yards of plaster, nor does it attempt to aver how many days of labor was performed, nor what was the value of each day's labor; this is required.    McDermott v. Claas, 104 Mo. 14; Smith v. Haley, 41 Mo. App. 611.   "In a proceeding before a justice, to enforce a mechanic's lien, all jurisdictional facts must affirmatively appear upon the face of the proceedings." Ewing v. Donnelly, 20 Mo. App. 6.   The papers on file in this case show that nothing was filed, but the account and the notice of the suit being filed.   "In an action for the enforcement of a mechanic's lien before a justice of the peace, the filing of a statement of the plaintiff's cause of action is essential to the jurisdiction of the justice, and the record must affirmatively show the filing thereof."   Sanderson v. Fleming, 37 Mo. App. 595.   (4)  "Omission of an allegation that the material went into the building is fatal to the justice's jurisdiction."   9 Mo. App. 595.   "A petition can not be so amended under the liberal provisions of

the Code as to state an entirely different cause of action."
Heman v. Glann, 129 Mo. 325.

*E. Y. Mitchell* for respondent.

(1)   There is no error in appellant's first assignment;
the notice of an intention to claim a lien is sufficient and was
served ten days before the filing of the lien and is a compli-
ance with the statute with respect thereto.   It is contended
by respondent that no formal pleadings are required before
a justice of the peace.   See Statutes of 1889, section 6138;
and proceedings in justice courts in the enforcement of me-
chanic's liens shall be adhered to (unless otherwise specially
provided) in the same manner as provided in other proceed-
ings in such courts.   See Statutes, 1889, page 1462, section
6166; and that the mere filing the account would have been
a sufficient compliance with the law.   Suits to enforce me-
chanic's liens even in circuit courts are to be liberally con-
strued.   35 Mo. App. 348.   (2)   But if the fact that the
notices aforesaid were placed in the hands of the justice on
the thirteenth of October, 1896, would, under authorities
cited, have been sufficient compliance with law with respect
to suits to enforce mechanic's liens.   The notice claiming a
lien was served on the sixteenth of September, 1896, and the
lien filed on the twenty-eighth of same month, being more
than ten days before the filing of said lien.   Hahn v.
Durkes, 37 Mo. 574.   (3)   There was no error committed
by court on the second assignment of appellant's brief.   The
account was sufficiently itemized.   McDearmont v. Clows,
104 Mo. 14; Grace v. Nesbit, 109 Mo. 10; Helliker v. Fram-
sers, 65 Mo. 599.   (4)   The justice had jurisdiction of the
cause, *supra*.   But conceding for the sake of the argument
(but not admitting the fact) that the justice had no juris-
diction, yet the same was amendable.   Vaughn v. Railroad,
17 Mo. App. 4-8; Nutter v. Houston, 42 Mo. 363.

BOND, J.—This suit to enforce a mechanic's lien was begun and tried before a justice, appealed to the circuit court, where plaintiff had judgment establishing the lien claimed, and thence appealed by defendant to this court.

The cardinal question in this case is whether the initial statement in the justice's court was sufficient by averment, or intention ascertainable from averments, to set forth a cause of action for a lien against the property described therein? For if it was totally lacking in this respect the subsequent amendment of the statement in the circuit court should not have been allowed. R. S. 1899, sec. 3893, 4077, and 4079; Ewing v. Donnelly, 20 Mo. App. loc. cit. 9; Brennan v. McNemany, 78 Mo. App. 122; Dowdy v. Wamble, 110 Mo. 280. In determining the express and implied intention manifested in the statement in the justice's court it must be borne in mind that the question is not whether that statement was sufficient to charge an indebtedness against one or both of the defendants, but did it set forth the statutory essentials to the establishment of a lien against the property of the owner of the building? For the plaintiff is not in any event entitled to a personal judgment against the owner of the property. As to him plaintiff's right is confined to the creation of a lien against the property by alleging and proving compliance with the statutory prerequisites to the enforcement of such a lien in a justice's court. The statement filed before the justice in this case is to-wit:

"Jack Simpson and James B. Harrison in account with Louis Heimberger, Dr., May the 25th, 1896, to furnishing brick and material and labor performed in building in a house belonging to James B. Harrison, situated on lot 99, in block 14, in James addition to the city of Rolla, in the state

of Missouri, under contract with Jack Simpson, (original contractor):

| | |
|---|---|
| One flue twenty-seven feet in length at 70 cents per foot................. ...... | $18 90 |
| June 5, 1896, to furnishing lime, sand and labor performed in plastering said building, as per contract, Jack Simpson the original contractor thereon, 265 yards of plastering at 20 cents per yard... .... | 53 00 |
| Total debits .... ...... .......... | $71 90 |
| June 22, 1896, credit by cash..............$30 00 | |
| Credit by labor of Otto Simpson.......... 2 75 | |
| | $32 75 |
| | $39 15 |

And on the back of said statement appeared the following indorsement, to wit: "Louis Heimberger v. Jack Simpson and James B. Harrison, account for debt and lien, filed October 15, 1896, before Peter Christie, J. P."

Upon the above statement the justice rendered a general judgment against both defendants for the amount claimed and adjudged a lien against the property of the defendant owner. The latter appealed to the circuit court, where his motion to dismiss the suit for want of jurisdiction in the justice was overruled, and plaintiff was allowed to file an amended statement setting forth a cause of action for a lien against the property. This ruling was error. The jurisdiction of the justice in cases like the present is special. Every essential to its exercise must appear on the face of the proceedings. The above statement neither expressly, nor by intention, manifested therein, alleges any notice to the defendant owner of the lien claimed, nor of the previous filing of a just and true account in the circuit court. It was for these reasons wholly insufficient to give the justice jurisdiction, as was

expressly held by this court in Ewing v. Donnelly, 20 Mo. App. loc. cit. 10. The amendment in the circuit court was the attempted substitution of a new and totally different cause of action from the mere account alleged in the statement in the justice's court. It was not therefore permissible under our statutes. Hence the circuit court acquired no jurisdiction, and its judgment establishing a lien against the defendant owner is reversed. All concur.