**GEORGE F. ROBERTSON PLASTERING COMPANY, a Corporation, Appellant,**

v.

**Nathan ALTMAN et al., Respondents.**

**No. 53797.**

Supreme Court of Missouri, Division No. 1.

June 10, 1968.

Motion for Rehearing or for Transfer to Court En Banc Denied July 8, 1968.

Sidney W. Horwitz, Dubinsky & Duggan, St. Louis, for appellant.

William C. Maier, Dubail, Judge & Kilker, St. Louis, for respondents.

SEILER, Judge.

Plaintiff, a plastering contractor, appeals from summary judgment in favor of all defendants. Plaintiff commenced the action September 2, 1960, by filing suit against defendant Nathan Altman, which was amended January 16, 1961, by joining Max M. Librach and Albert Librach as defendants, alleging that on or about March 10, 1960, at the request of the defendants, their agents and servants, plaintiff furnished defendants with material and labor on the real estate at 150 North Meramec, Clayton, Missouri, and that the unpaid balance was $17,423.46, for which amount plaintiff prayed judgment against the defendants. Defendants' response was a general denial.

Then, on February 25, *1965*, plaintiff filed "amended petition to enforce a mechanic's lien", which was amended by interlineation November 27, 1965. It alleged that the three previously named defendants Altman, Max and Albert Librach, were the owners of certain lots; that on or about February 19, 1959, the three defendant owners entered into a contract with defendants Nathan Altman, Sidney Librach, Albert Librach and Harlan Brown, the last three named being the last Board of Directors of Custom Homes, Inc., a former corporation, as original and general contractors for the first three defendant owners, orally, to construct a commercial building on the lots; that while so engaged, defendant Nathan Altman, one of the owners and agent for the other owners, contracted with plaintiff to do its work in the building; that at the specific request of defendant Nathan Altman, acting for himself and on behalf and with consent of the other defendant owners, plaintiff between February 19, 1959 and February 26, 1960, furnished building materials, labor and supplies used in the building, as set forth in an itemized account, on which, after credits, the total due was $17,423.46.

Plaintiff also joined certain other defendants as claiming an interest in the real estate under deeds of trust from the three defendant owners and their respective wives, who were also named as defendants, and alleged further that the defendant owners "have waived time for the filing of a mechanic's lien against said property"; that the lien, in accordance therewith, was filed in the circuit clerk's office January 27, 1965, and "that this suit has been commenced within six months after filing of said mechanic's lien".

Plaintiff prayed judgment for $17,423.46 against the three owner defendants and the three defendants who were the last Board of Directors of Custom Homes, Inc., and for a special judgment of mechanic's lien on the real estate. Defendants' answer was,

in substance, a general denial and a bar by various limitations.

By request for admissions, defendants established the genuineness of nine exhibits. Two were written plastering proposals from plaintiff to Custom Homes, Inc., one January 19, 1958, for $19,450.00 of lathing and plastering and the other, December 18, 1958, pertaining to four office suites in the building at specified prices per suite and establishing rates on other work. The other seven were statements from plaintiff to Custom Homes, Inc., for labor and materials provided in the building, bearing various dates between April 30, 1959 and February 26, 1960, with the sum of $17,423.46 remaining unpaid.

Defendants established by further admissions that the above mentioned exhibits "cover" the labor, services and materials "referred to and mentioned" in the petition and were all of the written agreements and statements "covering" the work and materials "referred to and mentioned" in the petition; that the last labor performed and material used on the building was on December 16, 1959, and that the charter of Custom Homes, Inc. was forfeited for failure to file annual registration report and anti-trust affidavit on January 1, 1961.

■■ The summary judgment in favor of the three defendant owners on the account must be reversed. Action on the account was instituted against them within about 14 months after the date of the last item in the account. Plaintiff alleged it furnished the material and labor at the request of these three defendants, which was denied by defendants in their answer. Under these circumstances, as pointed out in Dorsch Electric Co. v. Knickerbocker Construction Co. (Mo.Sup.) 417 S.W.2d 936, 938:

" * * * Although a party against whom a motion for summary judgment has been filed is not permitted to rely solely upon the allegations of his pleading, a sum-

mary judgment should not be granted in a situation where the evidentiary facts set forth in the matters supporting the motion fail to negative a material issue raised by the pleadings. * * *" The fact that plaintiff admitted the written proposals and statements were made to Custom Homes, Inc. and that the nine exhibits were all the written statements and agreements covering the labor, services and materials in the petition, does not mean plaintiff might not be able to establish that plaintiff furnished the material and labor at the request of the defendant owners or their agents. The admissions do not establish there was no agreement with the individual defendant owners. Plaintiff was not asked to admit there was no agreement with the individual owners or that Custom Homes or defendant Nathan Altman was not agent for the defendant owners.

■ The summary judgment in favor of the three defendants who were alleged to be the last Board of Directors of Custom Homes, Inc., must be sustained, because these three defendants were not made parties until long after the five year statute of limitations had run on the account.

■ With respect to the attempt to establish a mechanic's lien against the property, the record shows the action to establish the lien was commenced within six months after the lien was filed, but the lien was not filed with the circuit clerk until more than five years after the date on which the last work was done and material furnished. Plaintiff alleged that defendant owners "have waived time for the filing of a mechanic's lien against said property"; defendants contend that the statutory requirement to file a mechanic's lien within the prescribed period cannot be waived. We agree and so hold. Section 429.010 [1] provides that every person who does work or furnishes material, etc., " * * * upon complying with the provi-

sions of sections 429.010 to 429.340, shall have for his work or labor done, or materials * * * a lien * * *." Section 429.080 provides "It shall be the duty of [every person] * * * seeking to obtain the benefit of the provisions of sections 429.010 to 429.340 within four months, after the indebtedness shall have accrued, to file with the clerk of the circuit court * * * a just and true account of the demand due him * * * which is to be a lien * * *." Section 429.180 provides " * * * The petition, among other things, shall allege the facts necessary for securing a lien under said sections * * *."

■ The effect of the above provisions is to limit the duration of the opportunity to secure the lien. If the plaintiff does not comply with the time requirements of filing the lien, the lien is lost. The requirement of filing the lien on time is not something which defendant can enlarge. As the court said in General Fire Extinguisher Co. v. Schwartz Bros. Commission Co., 165 Mo. 171, 65 S.W. 318, 323:

" * * * As counsel for appellant say, if the time for filing the lien expired before March 12th [1897], any agreement, if there was any, made between the parties on November 12th [1896] to extend it, would have no effect. A mechanic's lien is a creature of statute, and not of contract."

See, also, Heltzell v. Langford, 33 Mo. 396, 397:

"The act provides that in all suits under it 'the petition, among other things, shall allege the facts necessary for securing the lien.' One of the requisite facts is that the creditor shall, *within a time limited*, file an account of his demand in the proper office. The time of filing is a material issuable fact, which must be alleged and without which the petition will not show a cause

---

1. All section references are to Revised Statutes of Missouri, 1959, and V.A.M.S.

of action. It is not enough to aver the filing of the demand without an averment of the time when * * *."

Accord: Gault v. Soldani, 34 Mo. 150; Bradish v. James, 83 Mo. 313; Ewing v. Donnelly, 20 Mo.App. 6; Heimberger v. Harrison, 83 Mo.App. 544; McMillan & Parker v. Ball & Gunning Milling Co., 190 Mo.App. 340, 177 S.W. 315 [rev. on another ground, 275 Mo. 1, 204 S.W. 257]; Missouri Practice, Wheaton and Blackmar, Vol. 10, p. 604.

In McMillan & Parker v. Ball & Gunning Milling Co., supra, 177 S.W. 315, 318, the court said:

"The very purpose of a waiver is to prevent a forfeiture of a right. * * * But a right which does not exist is not created by a waiver. If plaintiffs failed to file such a statement as is required by statute giving them a right of action, their right never existed and cannot be brought into being by a waiver * * *."

Until the filing of the account in the clerk's office, the lien of the mechanic is a secret lien. In the present case there was a period of five years during which no mechanic's lien had been filed. To hold that the lien can after this length of time be filed and then prosecuted to final judgment, because the owners waived the time for filing the lien, would be to ignore the plain terms of the statute as to what is necessary to establish the lien and would invite confusion and litigation.

The summary judgment with respect to the attempt to establish a mechanic's lien against the property must therefore be affirmed.

Reversed and remanded for further proceedings consistent herewith on the action on the account against defendants Nathan Altman, Max M. Librach and Albert Librach, and affirmed as to all other defendants.

All concur.