Jeanette F. **HURWITZ** and Evelyn Floret,
Plaintiffs-Respondents,

v.

William **KOHM**, d/b/a Advertising Matrix
Co., Defendant-Appellant.

No. 35496.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 12, 1974.

Wolff & Todt, Charles P. Todt, Clayton, for defendant-appellant.

Lewis, Rice, Tucker, Allen & Chubb, Richard T. Ciottone, St. Louis, for plaintiffs-respondents.

SIMEONE, Presiding Judge.

This is an appeal by defendant-appellant, William Kohm d/b/a Advertising Matrix Co., lessee, from a summary judgment entered on June 5, 1973, in favor of plaintiffs-respondents, Jeanette F. Hurwitz and Evelyn Floret, lessors, in the total amount of $6,369.75 for unpaid rent under a lease entered into by the parties. The issue is whether the trial court erred in granting summary judgment for the plaintiffs. We hold that it did not and affirm.

On August 30, 1970, the parties entered into a commercial lease whereby the lessors—Jeanette F. Hurwitz and Evelyn Floret—leased premises at 1907 Locust Street in the City of St. Louis to William Kohm, d/b/a Advertising Matrix Company, for a period of five years ending August 31, 1975. Rental was $408.33 per month. From the date of the lease and until April 11, 1972, defendant did business in that location. On May 3, 1972, the lessors, Hurwitz and Floret, received notice from defendant's attorney that Kohm intended to vacate and quit the premises on May 10, 1972.

On May 5, 1972, plaintiffs filed a "Petition for Attachment of Rent" under § 441.-240, RSMo, V.A.M.S., alleging inter alia that they were the owners of the property, the execution of the lease and that they received notice that the defendant intended to vacate and quit the premises on May 10, 1972. Plaintiffs alleged they believed that unless an attachment issue, they would lose the rent due. They prayed the court pursuant to § 441.240, RSMo, V.A.M.S., to issue its order attaching the property of defendant for payment of delinquent rent plus the amount of rent due within one year thereafter plus costs. The defendant filed an answer admitting certain allegations and denying others. No affirmative defense was pleaded.

On January 17, 1973, and prior to filing a later amended petition, plaintiffs filed their motion for summary judgment under Rule 74.04, V.A.M.R., alleging that the proceedings heretofore had and certain supporting affidavits and exhibits show "there is no general [genuine?] issue as to any material fact and that the plaintiff [sic] is entitled to a summary judgment as

a matter of law." A memorandum in support thereof revealed the above facts and that in July, 1972, the firm of Martin and Associates was employed to solicit a lessee or buyer for the purpose of re-leasing or selling the premises "in a good faith attempt to mitigate defendant's [?] damages and to enable plaintiffs to compromise the existing Lease with Defendant." An affidavit attached to the motion for summary judgment by J. Ben Miller, agent, stated that in his capacity as an employee of Martin and Associates, he took several steps to sell or lease the premises, but they were unsuccessful.

Then on February 6, 1973, plaintiffs filed an amended petition alleging similar facts and prayed the court to continue the attachment issued in response to the original petition, added a request for judgment for rent delinquent from March, 1972, to February, 1973, and an allegation that no payment of rent had yet been received. Kohm filed an answer on February 27, 1973, the date that the motion for summary judgment was argued, and alleged an affirmative defense that "plaintiff has failed and refused to take appropriate action to release the premises to reduce the damages as required by law." When the motion was called and argued on February 27, the parties, by order, were given time to file briefs. At the argument, defendant's position was that his amended answer raised the issue of mitigation of damages, hence an issue of fact existed so that the court could not properly grant summary judgment. The defendant's memorandum argued that summary judgment is a drastic remedy and that mitigation "is always an issue in a rent suit. There is no way an affidavit can eliminate that question of fact. The jury must decide if the plaintiff mitigated the damages."

On April 18, 1973, the trial court on its own motion, set aside its order of February 27, 1973, and reinstated plaintiff's motion upon application and notice.

Thereafter another motion for summary judgment was filed, notice being given to the defendant of the calling of the motion.

On May 30, 1973, the motion was heard and on June 5, 1973 the motion was sustained. The court decreed that the plaintiffs recover unpaid rent for the months of April, 1972, through and including June, 1973 (fifteen months) in the total amount of $6,124.75, and that plaintiffs' attachment remain effective.

This appeal by the defendant-lessee followed. The appellant contends that the trial court erred (1) in granting summary judgment because there was still a genuine issue of fact to be decided,[1] (2) because the amount of proof necessary to allow for summary judgment was not met, and (3) because summary judgment is a drastic remedy. He argues that the question of mitigation of damages, a material fact, was still undecided and that "even though an affidavit has not been opposed that is still not the unassailable proof necessary for summary judgment."

The respondents contend that the court properly granted a summary judgment because facts in respondents' affidavits and exhibits in support of the motion are admitted when not denied and that in any event, a landlord in Missouri is under no duty to mitigate damages absent a specific lease provision.

■ Respondents moved to dismiss the appeal for violation of Rule 84.05 because of an untimely filing of briefs. The record shows that the appellant was granted an extension of time. We overrule the motion and proceed to the merits.

■ Appellant correctly points out that summary judgment is an extreme and drastic remedy. E. O. Dorsch Electric Co.

1. While appellant's point does not so state, presumably the appellant contends that the genuine issue of fact still to be decided was whether the plaintiffs had mitigated damages by attempting to re-lease or sell the premises.

v. Knickerbocker Const. Co., 417 S.W.2d 936, 938 (Mo.1967), and should be used with caution. But this procedure, adopted in 1960, is a salutary one. It is used to separate what is formal from what is genuine and substantial so that only the latter may subject a party to the burden and expense of trial. A "fundamental purpose of the summary judgment proceedings is to speed the final determination of that class of case where there is, in fact, no real need for the delay and expense incident to a trial, no substantial issue of material fact, and which can be determined as a matter of law." Kroh Brothers Dev. Co. v. State Line Eighty-Nine, Inc., 506 S.W. 2d 4, 10 (Mo.App.1974). A summary judgment may be rendered where the pleadings, depositions and admissions on file, together with affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Rule 74.04(c); Pagan v. City of Kennett, 427 S.W.2d 251, 252 (Mo.App.1968); Universal Printing Co. v. Sayre and Fisher Co., 501 S.W.2d 180, 182 (Mo.App.1973). In ruling on a motion for summary judgment it is the duty of the trial court in the first instance, and it becomes our duty on appeal to scrutinize the record in the light most favorable to the party against whom the motion was filed and the judgment was rendered and to accord to such party the benefit of every doubt. The burden is, of course, upon the movant to show by unassailable proof that there is no genuine issue of fact and that the movant is entitled to judgment as a matter of law.

Summary judgment therefore may be rendered when the pleadings and other matters on file establish (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. Universal Printing Co. v. Sayre and Fisher Co., supra, at 182.

■■ In summary judgment practice there are certain procedural rules to be followed. Once a motion for summary judgment is made and supported by affidavit, the adverse party can no longer rest on the mere allegations or denials in his pleadings, "but his response, by affidavits or otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 74.04(e). When a party to litigation is forced by proper motion for summary judgment, he cannot rely upon his pleadings of denial or ultimate facts, or argue that he has evidence for trial that will disclose issues of fact. Rather, he must come forward then with affidavits, depositions, documentary or other evidence that material fact issues do in fact exist. Kroh Brothers Dev. Co. v. State Line Eighty-Nine, Inc., supra, 506 S.W.2d at 12; Sherman v. AAA Credit Service Corp., 514 S. W.2d 642 (Mo.App.1974). And when facts are stated in affidavits and exhibits in support of a motion and there are no verified denials, the facts so stated are admitted for the purpose of summary judgment. Dietrich v. Pulitzer Publishing Company, 422 S.W.2d 330, 333 (Mo.1968); First National Bank of Liberty v. Latimer, 486 S.W.2d 262, 266 (Mo.1972). It has been held, however, that although a party against whom a motion is filed is not permitted to rely solely upon the allegations of his pleadings, summary judgment should not be granted where the "evidentiary facts set forth in the matters supporting the motion fail to negative a material issue raised by the pleadings." E. O. Dorsch Electric Co. v. Knickerbocker Const. Co., supra, 417 S. W.2d at 938; George F. Robertson Plastering Company v. Altman, 430 S.W.2d 169, 171–172 (Mo.1968).

And even though facts in the moving party's affidavit are to be taken as true, the summary judgment rule does not contemplate the granting of such judgment where it is not appropriate to do so. Dietrich v. Pulitzer Publishing Company, supra, 422 S.W.2d at 333.

In accordance with these principles, we are convinced that the trial court did not err in granting summary judgment in favor of the plaintiffs under the circumstances reflected in the record, for the rent due from April, 1972 through June, 1973 plus interest in the total sum of $6,369.75.

First, under the existing law of the State of Missouri, it is at least recognized that a lessor is under no duty to seek a new tenant when the lessee abandons the leased premises prior to the expiration of the term of a commercial lease, but may let the premises lie idle and collect the rents reserved as they accrue.[2] The traditional principle seems to be recognized by our Missouri courts that the lessor need not, for the purpose of mitigating damages, procure a new tenant, but may remain out of possession and treat the term as subsisting and recover rent.

For purposes of summary judgment, therefore, the lessor was not required, as a matter of law, to mitigate.

But regardless of whether these principles are authoritative and final, the trial court did not err in granting summary judgment. After the plaintiffs filed their motion on January 17, 1973, together with the affidavit of J. Ben Miller stating that there were several unsuccessful attempts made to re-lease the premises, the defendant, on the date for argument of the motion and in answer to the amended petition alleged that the plaintiffs refused to take appropriate action to re-lease the premises to reduce the damages as required by law.

No counter-affidavit was then or thereafter filed, defendant being content to rely upon the affirmative defense stated in its answer to the amended petition. By failing to file an opposing affidavit under the circumstances here, he admitted that plaintiffs attempted to re-lease the premises and failed to raise any genuine issue of fact for trial. When a motion is made, the adverse party may not rest upon the mere allegations or denials in his pleading, but his response by affidavit must set forth specific facts showing that there is a genuine issue of fact. Rule 74.04(e). By failing to respond with specific facts showing that there was a genuine issue for trial, the defendant must be deemed to have admitted the facts in the affidavit that the plaintiffs attempted to mitigate damages. Sherman v. AAA Credit Service Corp., supra.

The failure of the defendant to set forth specific facts showing a genuine issue of mitigation and the pleadings, affidavits and answers to interrogatories all which show that the plaintiffs owned the property, that it was leased, that the premises were vacated and notification given, and that the last payment of rent was March 24, 1972, show that summary judgment was appropriate under Rule 74.04. Under the circumstances of this record there is no genuine issue of material fact and the plaintiffs are entitled to judgment as a matter of law.

Defendant relies on certain cases for the proposition that summary judgment was improper because there was still an issue of fact to be decided and contends that

---

2. While not necessary for the disposition of the appeal, the Court in Whitehorn v. Dickerson, 419 S.W.2d 713, 718 (Mo.App.1967), stated: " . . . [I]t may be said confidently that the overwhelming weight of judicial authority elsewhere is that, in the absence of a provision in the lease to the contrary, lessor is under no duty to seek a new tenant when the latter abandons the leased premises prior to the expiration of the term . . . ." See also Babcock v. Rieger, 76 S.W.2d 731 (Mo.App.1934); Rhoden Investment Co., Inc. v. Sears, Roebuck & Co., 499 S.W.2d 375 (Mo.1973); Consolidated Sun Ray, Inc. v. Oppenstein, 335 F.2d 801 (8th Cir. 1964); Jennings v. First Nat. Bank of Kansas City, 225 Mo. App. 232, 30 S.W.2d 1049 (1930); Annot., Damages—Mitigation by Landlord, 21 A.L.R. 3d 534, 546–547 (1968). Cf. Wright v. Baumann, 239 Or. 410, 398 P.2d 119, 21 A.L.R. 3d 527 (1965); McCormick, The Rights of the Landlord Upon Abandonment of the Premises by the Tenant, 23 Mich.L.Rev. 211 (1925).

even though an affidavit has not been opposed, that is still not unassailable proof sufficient to grant summary judgment. E. O. Dorsch Electric Co. v. Knickerbocker Const. Co., supra; George F. Robertson Plastering Company v. Altman, supra. Those decisions do not control the issues here. The rule stated is that although a party against whom a motion for summary judgment has been filed is not permitted to rely solely upon the allegations of his pleading, a summary judgment should not be granted where the evidentiary facts set forth in the matters supporting the motion *fail to negative* a material issue raised by the pleadings. That is not the situation here. The evidentiary facts set forth in the matters supporting the motion negatived an issue raised by the pleadings.

We therefore hold that the action of the trial court in granting summary judgment was proper.

The judgment is affirmed.

McMILLIAN and GUNN, JJ., concur.