**Chester BREWER, Plaintiff-Appellant,**

v.

**Martin A. COLE, Sr., Defendant-Respondent.**

No. 46589.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 18, 1983.

William Klages, St. Louis, for plaintiff-appellant.

Leonard D. Vines, Clayton, for defendant-respondent.

SNYDER, Judge.

This is an appeal from a summary judgment in favor of defendant-respondent in an ejectment action. The judgment is affirmed.

On March 5, 1982 appellant filed a petition sounding in ejectment in which he alleged the breach of a sale contract for real estate located at 4106 North Grand in the City of St. Louis. The contract provided for a down payment and monthly installment payments for a total purchase price of seven thousand dollars. The breach alleged was the failure to make installment payments. The petition, based on these allegations, prayed for possession of the property and back rent in the sum of $6,000.

Defendant-respondent filed a motion for summary judgment on October 4, 1982, supported by an affidavit stating that he and appellant had agreed to a reduced price of $4,000 because substantial damage had occurred to the premises after the first contract was signed; further that respondent had paid the $4,000 to appellant in exchange for a general warranty deed, signed by appellant, conveying the property to respondent; and that the deed had been recorded. No affidavits were filed by the appellant and appellant failed to appear at the hearing in which summary judgment in favor of respondent was granted.

The trial court did not give any reason for its granting of the motion for summary judgment, but appellant contends the trial court erred if it granted the motion on the ground that the contract was merged into the subsequent warranty deed. Appellant argues that the doctrine of merger does not apply in this case even though there was no genuine issue of material fact before the trial court.

The standard of review in motions for summary judgment is governed by Rule 74.04 which requires the court to rule based upon the pleadings, depositions, admissions and affidavits which are on file. See *Hurwitz v. Kohm,* 516 S.W.2d 33, 36 (Mo.App. 1974).

Accepting as true, as this court must, the sworn statement of respondent that a reduced price had been agreed upon and the reduced price paid by respondent to appellant in exchange for a general warranty deed, the summary judgment must be affirmed. There was no disputed material fact. The rights of the parties were merged in the deed. *Wallach v. Joseph,* 420 S.W.2d 289, 294[1, 2] (Mo.1967), *cert. den.* 389 U.S. 953, 88 S.Ct. 335, 19 L.Ed.2d 362; *S.G. Payne and Company v. Nowak,* 465 S.W.2d 17, 19[1] (Mo.App.1971).

The cases cited by appellant are inapposite.

An extended opinion would have no precedential value. The judgment is affirmed in compliance with Rule 84.16(b).

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.