## N. P. GREGG v. J. M. GEORGE & CO.

1. PRESENTATION OF BANK CHECK; *Demand and Refusal of Payment.* In presenting a check for payment to the bank upon which it is drawn, no particular form of expression is necessary to make a legal demand and refusal. It is sufficient if it clearly appears that the bank, after demand, declines to honor the check; and refusing to pass the check to the credit of the holder, is a dishonor of it.

2. INSTRUCTIONS — *When Inapplicable, Not Error to Refuse.* It is not error to refuse instructions which, however correct as propositions of law, do not seem applicable to the facts in evidence, or likely to assist the jury in coming to a correct conclusion.

3. DRAWER OF CHECK; *Liability; Diligence of Drawee.* In order to charge the drawer of a check, the same strict rule of diligence in making demand and giving notice of nonpayment, does not obtain as

in cases of ordinary bills of exchange. As a general rule, he is not discharged unless he suffers some loss in consequence of the delay of the holder.

### Error from Miami District Court.

. ACTION brought by *George & Co.* against *Gregg*, on a bank check which reads as follows:

PAOLA, KANSAS, Nov. 1st, 1869.
PAOLA BANK, A. THOMAS & Co., *Bankers:*

Pay J. M. George & Co. one hundred and twenty dollars, ($120.00.) 　　　　　　　　　　N. P. GREGG & Co.

On said check was the following indorsement: "This is correct, and should be deducted from my account to date of suspension.—N. P. GREGG & Co." The answer admits the execution of check and indorsement; denies that the check was presented to the bank for payment; denies that payment thereof was refused by the bank; avers that on said Nov. 1st 1869, and for a long time thereafter, Gregg had on deposit with Paola Bank (A. Thomas & Co.,) and to his credit in said bank $700, and had George in a reasonable time after the receipt of said check presented the same to said bank and demanded payment, the money would have been paid; denies that on Nov. 10th 1869, or at any time thereafter, that George notified Gregg of the suspension of said bank, or that the bank had refused payment of said check on presentation; and denies that George at any time thereafter ever demanded payment of said check from the said Gregg; and avers that said Paola Bank was open and doing a banking-business on the 1st, 2d, 3d and 4th days of November 1869, and that George accepted said check in payment of said $120. The answer further avers, that a long time afterward, on December 1st 1869, George came to Gregg and told him that A. Thomas & Co., Bankers, Paola Bank, had failed, and he still held the $120 check unpaid, and had never presented it to said bank for payment, and that George did not then claim the same from Gregg, but said that he desired to present his claim for said check against the assignee in bankruptcy of A. Thomas & Co. for allowance, and then and there requested Gregg to

relinquish his claim in writing to said check, and in compliance with said request Gregg then wrote and signed the memorandum on said check. Trial at the September Term 1872 of the district court. Verdict and judgment in favor of plaintiffs. for $144.35, and *Gregg* brings the case here on error.

*W. R. Wagstaff*, and *O. A. Tousley*, for plaintiff in error.

*B. F. Simpson*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action on a check. It was a check drawn by Gregg on November 1st, on A. Thomas & Co., bankers of Paola, and on the same day given to George & Co. On the 2d it was presented to the bank. It is not disputed by counsel that this was in due time. But it is claimed that no demand was made for money on the check, that the party simply sought to use it in buying exchange. We quote the plaintiff's testimony on cross-examination on this point, and there is no contradictory testimony:

"November 1st 1869, Gregg gave me that check at our store-room, near the door. Don't know time. At an early hour next day, I presented the check to Mr. Edwards in Paola bank, who then said to me they were not selling exchange, that day, on St. Louis. I did not demand exchange on any particular bank. I wanted exchange on St. Louis. I demanded no other exchange. Edwards slipped my order back, and said they were not selling exchange. I kept the check. I went into the bank with money and this check, and asked for exchange on St. Louis. I asked the bank to give me credit on account; it refused. *I took my money and check and left the bank; I did not ask the bank to give me money on that check; I did not want the money.* Never after presented the check."

On his direct examination plaintiff had testified in general terms, that he "presented the check for payment—the bank did not pay it—the bank refused to pay it." This seems to us clearly sufficient. Waiving all question as to the matter of exchange on St. Louis, it appears that he asked the bank

to credit the check to his account, and it refused. This was a dishonor of the check. It was unnecessary after that to go through the form of specifically demanding its payment in cash over the counter. Demand and refusal may be necessary; but no particular form or expression is essential to either. It is sufficient if it clearly appears that the bank, after a demand, refuses to accept the check as of the value its face indicates.

The learned counsel for plaintiff in error criticize the instructions asked by the defendant and refused, as also the single instruction given at the instance of the plaintiff. The last sentence in the latter is in these words: "And the holder of a check is not required to present it to the bank to which it is directed for payment more than once, *when on the first presentation the bank has refused to pay the same.*" Counsel contend that "this carries upon its face to the jury the assumption by the court that George had once presented this check to the bank and demanded payment which was refused, and it was unnecessary to present it a second time." We fail to see any such assumption. The whole instruction is a statement of an abstract proposition of law. There is in terms no reference to the parties or facts in the case. And any assumption which it carries, grows out of the fact that, though an abstract proposition, it is applicable to the facts as they appeared in evidence.

Counsel insist that the court erred in refusing the first and second instructions asked by defendant. Those instructions refer to the relations of banker and customer, and the effect of drawing a check upon the money in the hands of the banker. It may be that they state the rules of law correctly, but we fail to see how they would have assisted the jury in this case, which is a controversy between the drawer and holder of a check. At any rate, they are not so pertinent to the issue as to make the refusal to give them an error calling for a reversal.

An instruction was asked and refused, which stated the law in respect to the failure to give notice of the non-payment,

and stated the law correctly as applied to ordinary bills of exchange. The law is not so rigid in respect to checks. The failure to make demand within a reasonable time, and to give notice of non-payment by the succeeding day, does not absolutely discharge the drawer. It is sometimes said that the drawer is the principal party, the one primarily liable on the check. Perhaps this is not strictly correct; and yet, unless the drawer has suffered some loss by a failure to make demand and give notice, he is not ordinarily discharged from liability. In 3 Kent, p. 104, note "*a,*" it is said, "The drawer of a check is not a surety, but the principal debtor, as much as the maker of a promissory note. It is an absolute appropriation of so much money in the hands of the banker to the holder of the check, and there it ought to remain until called for; and the drawer has no reason to complain of delay unless upon the immediate failure of his banker. By unreasonable delay in such a case, the holder takes the risk of the failure of person or bank on which the check is drawn. This is quite distinct from the strict rule of diligence applicable to a surety, in which light stands the indorser." Story on Prom. Notes, §§ 490–498, and notes; *Little v. Phœnix Bank,* 2 Hill, 425; *Lester v. Jones,* 8 Bush. (Ky.) 357; *Pack v. Thomas,* 13 Smedes & Mar. 11; *Kemblen v. Mills,* 1 Manning & Granger, 757; Byles on Bills, p. 14. We think the court did not err in refusing the instruction.

These are all the questions it seems necessary to notice, and in them appearing no error the judgment will be affirmed.

All the Justices concurring.