## J. M. ANDERSON v. S. H. RODGERS.

1. CHECK — *Reasonable Presentment.* The payee of a check, who fails to make presentment within a reasonable time, assumes the risk of loss occasioned by the insolvency of the drawee occurring in the meantime.

2. NEGLIGENCE *in Holder of Check.* It is negligence in the holder of a check to send it directly to the drawee, residing in a distant place, for payment, and the holder is responsible for any loss occasioned by adopting such a course.

3. —————— *Insolvency of Drawee.* The bank of H., as the agent of plaintiff, sent a check drawn by the defendant on the bank of R., distant about 55 miles, to the bank of R., by mail, with the request that it remit the amount in Kansas City exchange. The check was received by the bank of R. on the evening of December 12. The bank of R. continued to do business during all of the following day, receiving deposits and paying checks. On the evening of that day, after business hours, it deposited a letter inclosing the check with the statement, "No funds in bank," addressed to the bank of H., which was received by the bank of H. on the evening of the next day. The defendant had more than funds enough on deposit to pay the check. The bank did not open for business thereafter, and has never paid anything to either party. *Held,* That the loss must fall on the plaintiff.

*Error from Hamilton District Court.*

THIS action was brought on a check, of which the following is a copy:

"RICHFIELD, KAS., December 9, 1889.

"Bank of Richfield: Pay to S. H. Rodgers, or order, two hundred and fifty dollars, to apply on lumber bill, Morton county courthouse.                J. M. ANDERSON."

"$250."

The case was tried on an agreed statement of facts, which is as follows:

"That on the 9th day of December, 1889, defendant was indebted to plaintiff in the sum of $250; that on said 9th day of December, 1889, defendant executed the check, a copy of which is set forth in the petition, and delivered the same to the plaintiff through the mail; that said check was executed and delivered and received in the ordinary course of business

with reference to said indebtedness, but no special agreement was entered into as to whether it should be received as payment, or otherwise; that said check was received by plaintiff at Syracuse, in Hamilton county, Kansas; that the bank of Richfield, upon which said check was drawn, was situate at Richfield, in Morton county, a distance of about 55 miles from Syracuse, and that there was a daily mail between the two places, leaving each place at 7 o'clock in the morning and arriving at about 7 o'clock in the evening; that at the time of the transaction herein set forth, there was at Richfield another bank, doing a regular banking business, known as the Morton County Bank; that on the 11th day of December, 1889, plaintiff indorsed said check by writing upon the back of the same, to wit, 'S. H. Rodgers,' and deposited the same for collection and credit of his account, when collected, with the Hamilton County Bank, a banking institution doing a general banking business in Syracuse, with which said bank said plaintiff did his regular banking business; that on the 11th day of December, 1889, said Hamilton County Bank indorsed said check as follows: 'Pay Bank of Richfield cashier, or order, for account of Hamilton County Bank, Syracuse, Kas.—FRANK BENTLY, Cashier,' and deposited the same in the mail in an inclosure directed to the Bank of Richfield, at Richfield, with a request that the said bank of Richfield remit the amount of said check to said Hamilton County Bank by mail in exchange on Kansas City, less charge for exchange; that said check reached Richfield on the 12th day of December, 1889, after business hours; that on the 13th day of December, 1889, the Bank of Richfield inclosed said check in a letter addressed to the Hamilton County Bank, of Syracuse, and inclosed therewith a paper on which was written the words following: 'No funds in bank,' said check being deposited in the mail by the bank after banking hours; that said check was received at Syracuse on the 14th day of December, 1889, after business hours, and on the 15th day of December, 1889, plaintiff was notified of the nonpayment of said check; that on the 16th day of December, 1889, plaintiff verbally notified defendant of the nonpayment of said check, and demanded the amount thereof from defendant, and defendant refused to pay the same or any part thereof; that plaintiff has never received the amount of said check or any part of the same; that at the times herein set forth, defendant had the sum of $295 to his credit with the Bank of

Richfield, subject to check; that on the 14th day of December, 1889, said Bank of Richfield. made an assignment for benefit of its creditors, and never opened for business after the 13th day of December, 1889; that said check was never charged to defendant by the Bank of Richfield, and the amount thereof was never deducted from his credit on the books of said bank, nor was any credit given to S. H. Rodgers nor the Hamilton County Bank by the said Bank of Richfield, and at the time of the failure of the Bank of Richfield the full amount of $295 was to the credit of said defendant on the books of said Bank of Richfield; that the said sum of $295 to his credit with said Bank of Richfield was entirely lost to defendant, and he has never received any part of the same; that said Bank of Richfield was open, doing a general business, receiving deposits and paying money upon checks, during its regular banking hours on the 13th day of December, 1889."

The court thereupon rendered judgment in favor of the plaintiff for the amount of the check. The defendant brings the case to this court.

*H. R. Boyd*, for plaintiff in error:

Does the petition state facts sufficient to constitute a cause of action? The action is brought on an ordinary bank check. There is no allegation of an indebtedness existing between the parties at the time of the issuing of the check. The petition does not show any consideration for the giving of the check. The plaintiff in error maintains that the petition must show an indebtedness between the parties, and a consideration for the giving of the check. If there was no debt, no valid suit could be maintained. 2 Morse, Banks, 3d ed., § 552; *Aubert v. Walsh*, 4 Taunton, 293; *Mountford v. Harper*, 16 M. & W. 825; *Patton v. Ash*, 7 Serg. & R. 116.

The plaintiff's action should have been brought on the original indebtedness, if there was any. The petition shows no indebtedness from Anderson to Rodgers, and no consideration for the issuing of the check, and, consequently, it does not state facts sufficient to constitute a cause of action.

There was no sufficient presentation of this check as re-

quired by law, and Anderson is released. The sending of
the check by mail direct to the drawee is not a sufficient presentation, and the drawer is released by the negligence of the
Hamilton County Bank in making such presentation. That
the Hamilton County Bank and the Bank of Richfield were
respectively agent and subagent of Rodgers, cannot be questioned. *Bank of Lindsborg v. Ober,* 31 Kas. 599. See, also,
*Farwell v. Curtis,* 7 Biss. 160; *Ford v. McClung,* 5 W. Va.
156; *National Bank v. Packing Co.,* 7 N. E. Rep. 601 (117
Ill. 100); *National Bank v. Goodman,* 2 Atl. Rep. 687; *Indig
v. City Bank,* 80 N. Y. 106; *St. Nicholas Bank v. National
Bank,* 27 N. E. Rep. 849.

*George E. Morgan,* for defendant in error:

A cause of action is stated. Gen. Stat. of 1889, ¶¶ 1104,
1105. Moreover, the agreed statement upon which the case
was tried sets forth the indebtedness of plaintiff in error to
defendant in error.

The substantial question is, whether Anderson was released
from liability to Rodgers by reason of the sending of the
check by mail by the Hamilton County Bank to the Richfield
bank for payment, in connection with the failure of the
Richfield bank under the circumstances stated. That Anderson was indebted to Rodgers is conceded, but it is contended
that he was discharged from that liability by reason of the
facts detailed. There is no contention that the check in question was not placed in process of collection and actually presented for collection with promptness. It should be borne
in mind that there was but one mail in each direction in 24
hours between Syracuse and Richfield, and that the mail departed from each place at an early hour and arrived at its
destination after business hours. It cannot be successfully
contended that there was any culpable delay in notifying
Anderson of the nonpayment of the check. He was so notified on the next day after the unpaid check was received at
Syracuse, the 14th of December. The bank on which it was
drawn did not do business after the 13th of December.

It is clear that where a check is presented for payment under circumstances such that the drawee has the duty of remitting the amount thereof to the person demanding payment at a place other than the place of business of the drawee, if the check is accepted by the drawee as a charge against itself and a credit in favor of the person presenting it, and a credit in its favor and a charge against the drawer, the liability of the drawer is terminated and the drawee becomes the debtor of the person presenting the check, who has all risks of remittance. The case of *Indig v. City Bank*, 80 N. Y. 100, is squarely against the plaintiff in error, and is in point. That case, however, goes to the extent of holding that the drawer of the check is still liable, though the same has been canceled and the draft of the drawee substituted for it. The case of *Gregg v. George*, 16 Kas. 546, is entirely applicable to the present case, and is parallel upon all the principles involved.

The opinion of the court was delivered by

ALLEN, J.: The only question we deem it necessary to consider is, whether the negligence of Rodgers and his agent, the Hamilton County Bank, in sending the check directly to the drawee, operates, under the facts agreed upon, to discharge Anderson from liability. It is true, as was said by this court in *Gregg v. George*, 16 Kas. 546, that—

"In order to charge the drawee of a check, the same strict rule of diligence in making demand and giving notice of nonpayment does not obtain as in cases of ordinary bills of exchange. As a general rule, he is not discharged unless he suffers some loss in consequence of the delay of the holder."

If the drawee of a check has no funds on deposit to meet it, or if, having funds in the bank at the time, he afterward withdraws them, and the check is not paid on that account, the drawee, having suffered no injury by reason of delay in its presentment, will not be discharged from liability. But when a person having funds on deposit in a bank draws a check against them, the holder of the check, if he delays its

presentment, assumes the risk of the failure of the bank. It
is said in 2 Daniel on Negotiable Instruments, § 1586:

"The fact that the check is presumed to be drawn against
deposited funds makes it of even greater importance than in
the case of a bill that a check should be presented, and that
the drawer should be notified of nonpayment, in order that he
may speedily inquire into the causes of refusal, and be placed
in a position to secure his funds which were deposited in the
bank."

The rule, however, as to the time allowed the holder for
presentment of a check, in order to relieve him from the risk
of loss by failure of the drawer, is definitely fixed by the
authorities: (1) Where the payee to whom the check is de-
livered receives it in the place where the bank on which it is
drawn is located, he must present it by the close of banking
hours on the next business day. (2) Where the check, as in
this case, is drawn on a bank located at a place distant from
that in which it was received by the payee, it must be sent
for presentment for payment by mail on the next secular day
after it is received, and presented on the next day after its
receipt. (2 Daniel, Neg. Inst., § 1592, and cases cited.)

In this case the check seems to have been forwarded for
payment in due time, but it was sent directly to the drawee
by mail, with the request that the Bank of Richfield remit
the amount by mail in exchange on Kansas City. The Ham-
ilton County Bank therefore selected the drawee of the check
as its agent for collection. That this was negligence, is well
settled by the authorities. It is said in 1 Daniel on Negotia-
ble Instruments, § 328a:

"For purposes of collection, the collecting bank must em-
ploy a suitable subagent. It must not transmit its checks or
bills directly to the bank or party by whom payment is to
be made, with the request the remittances be made therefor.
It is considered that no firm, bank, corporation or individual
can be deemed a suitable agent in contemplation of law to
enforce in behalf of another a claim against itself."

This proposition is sustained by abundant authorities.
(*Bank v. Provision Co.*, 117 Ill. 100; *Bank v. Burns*, 12 Colo.

539; *Bank v. Goodman,* 109 Pa. St. 422; *Bank of Evansville v. Bank of Louisville,* 56 Fed. Rep. 967; *Farwell v. Curtis,* 7 Biss. 160.

It is insisted that, inasmuch as the check was forwarded in due time, and came into the hands of the drawee, which refused payment and returned the check with the statement "No funds in bank," the defendant was not injured by the mode of presentment; that an answer of "No funds," sent by mail, is as effectual a refusal to pay as though made across the counter at the bank. Where due presentment is not made, the burden of proof is upon the holder of the check to show that the drawer has not suffered injury. (*Little v. Bank,* 2 Hill, 425; *Ford v. McClung,* 5 W. Va. 166; 2 Pars. Bills & Notes, 71; 2 Dan. Neg. Inst., § 1588; *Daniel v. Kyle,* 1 Ga. 304.)

From the agreed statement, it appears that the check reached Richfield on the 12th of December, 1889, after business hours; that the bank on which it was drawn was open, doing a general business, receiving deposits and paying money on checks, during its regular banking hours on the 13th. During that day a letter was written, addressed to the Hamilton County Bank, within which was inclosed the check, and the statement, "No funds in bank." This letter was deposited in the post office after banking hours, and received at Syracuse after business hours on the 14th. The refusal to pay was therefore not communicated to anyone until the 14th. Can it be presumed that, if the check had been regularly presented over the counter to the Richfield bank on the 13th, a false answer would have been given, as was in fact given by letter, and payment refused? It is admitted that the defendant had more than money enough to his credit to meet the check. Had presentment been made by another agent of the plaintiff and payment refused, steps might have been taken immediately to protect the drawer's rights; but the check being in the hands of the drawee, of course no effort would be made by it to prosecute itself, and the fact that payment was refused was not communicated to the Hamilton County Bank

until the night of the day following the last one on which the Richfield bank was open for business. It might be that the answer, "No funds in bank," was literally true, and that the Richfield bank had not the money with which to make payment at any time during the day of the 13th, but we are not at liberty to indulge in any presumption of that kind, the agreed facts showing that it received deposits and paid checks during the whole of that business day.

This case must be decided in accordance with established principles, and the fact that the Richfield bank was a small concern, in a very sparsely-peopled part of the state, and perhaps never had any large amount of funds in its possession, cannot be made a pretext for breaking down those wholesome rules of business which have been built up and defined with so much care and precision. The request in this case by letter was not an ordinary demand of payment, calling for current funds, but was a request for Kansas City exchange, which the drawee would, of course, be at perfect liberty to refuse. In cases of this kind a hardship necessarily results to one party or another. Courts, in their decisions, must be guided by fixed rules. The plaintiff, having trusted in the good faith of the Richfield bank by sending the check to it, must bear the burden of the loss occasioned by its failure occurring after the day on which regular presentment should have been made.

The judgment is reversed, and the case remanded, with directions to enter judgment on the agreed statement of facts in favor of defendant, Anderson, for costs.

All the Justices concurring.