W. D. Cox *et al., as Partners, etc.,* v. The Citizens'
· State Bank.

No. 14,613.  ( 85 Pac. 762.)

1. Negotiable Instruments—*Presentation and Demand.*  When
    presentation and demand of payment of a bank-check must
    be made discussed.

2. ———— *Delay—Rights of Drawer.*  Delay in forwarding and
    presenting a check, if no loss occur to the drawer, held not
    to be a defense against a recovery by a *bona fide* holder.

Error from Allen district court; Oscar Foust, judge.
Opinion filed May 12, 1906.  Affirmed.

*Chris Ritter,* and *C. J. Peterson,* for plaintiffs in
error.

*Amos & Orton,* for defendant in error.

*Per Curiam:*  It is the law that checks are payable
instantly on demand, but it is not the law that payment
of a check must be demanded instantly.  Granting
that a check has some features of a bill of exchange
under the statutes of this state, it need not be presented
until the day after it is given if the party receiving it
and the bank upon which it is drawn are in the same
place.  If they are not in the same place, it is only nec-
essary that the check be put in course of· collection
within the time otherwise allowed for presentation.  It
cannot be said to be due until demand for payment is
made.

If not forwarded and presented within the time al-
lowed by the rules of commercial law the drawer must
show the delay caused him to suffer loss before he can
defeat recovery by a *bona fide* holder.  The same rule
holds regarding protest and notice of non-payment.
(*Noble v. Doughten,* 72 Kan. 336, 83 Pac. 1048, and
cases there cited.)

The statement in the defendants' answer that the
check was due the day it was drawn could not be true,

and no facts showing a violation of the rule of diligence in presenting the check and subsequent damage are pleaded.

In suing upon the check the indorsee had the right to disregard or cancel all indorsements carrying the check forward from it to the drawee. The defendants' remedy is against the party defrauding them, and not against the party who in good faith cashed their check.

The judgment of the district court is affirmed.