Anderson v. Elem.

---

No. 23,854.

J. Anderson, *Appellee,* v. J. H. Elem, *Appellant.*

SYLLABUS BY THE COURT.

1. Negotiable Instrument—*Bank Check—Delay in Presentation for Payment—Indorsee Holder in Due Course—Liability of Drawer of Check.* The proceedings in an action to recover from the drawer of a check, by an indorsee who acquired the check from the payee, twenty-four days after it was issued, examined, and *held,* the time which elapsed between the issuing of the check and its negotiation was not so unreasonable as to deprive the holder of the privileges of a holder in due course.

2. Same—*Bank Check—No Notice of Infirmity...* The proceedings examined further, and *held,* the plaintiff had no notice of infirmity in the instrument, and the circumstances under which he acquired it had no tendency to indicate bad faith.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion filed July 8, 1922. Affirmed.

*C. A. Matson* and *I. H. Stearns,* both of Wichita, for the appellant.
*G. A. Stultz,* and *John B. Bryant,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by an indorsee of a check to recover from the drawer. The plaintiff prevailed, and the defendant appeals.

The check was drawn on a bank in Wichita, was given in a transaction concluded at night, in Wichita, and the drawer stopped payment the next morning, before the bank opened for business. Payment was stopped because consideration of the check failed. The check was not presented for payment by the payee. He remained in Wichita for several days, and was accessible to the maker, who knew where he was, but who took no steps to obtain possession of the check. The check was dated October 20, 1919, and on November 14 it was cashed at Salina, by a purchaser who had no knowledge of the failure of consideration. When the check was presented for payment, payment was refused.

The law of the case is simple enough. A check is a bill of exchange, drawn on a bank, payable on demand. (Neg. Inst. Act, § 192, Gen. Stat. 1915, § 6713.) A check must be presented within a reasonable time after issue, or the drawer will be discharged from liability thereon to the extent of loss caused by the delay. (Neg. Inst. Act. § 193; Gen. Stat. 1915, § 6714.) This was the law before passage of the negotiable-instruments act. (*Gregg v. George,* 16 Kan. 546; *Mordis v. Kennedy,* 23 Kan. 408; *Anderson v. Rodgers,* 53 Kan. 542, 36 Pac. 1067; *Noble v. Doughten,* 72 Kan. 336, 345, 83 Pac. 1048; *Cox v. Bank,* 73 Kan. 789, 85 Pac. 762.)

Under section 196 of the negotiable-instruments act, a check does not amount to an assignment of funds. (Gen. Stat. 1915, § 6717.) A check, however, may properly be regarded between the parties as something of an appropriation to the payee of so much money on deposit in the bank, which the payee may obtain by calling for it. (*Gregg v. George,* supra.) Should the payee delay presentment, and should the bank fail, the loss falls on the payee. Should the drawer have no funds on deposit to ·meet the check, or should he withdraw his deposit before presentment, he can suffer no injury by delay in presentment, and is not discharged. (*Anderson v. Rodgers,* supra.) Stopping payment is equivalent to withdrawing the deposit. The drawer of a check is principal debtor, the person primarily liable, and, unless he suffers loss by delay, is not discharged if the check be presented within the time prescribed by the statute of limitations. Negotiation of a check as a bill of exchange is one of the privileges of the payee, and the drawer does not suffer loss, within the meaning of the negotiable-instruments act, by the fact that the payee chooses to transfer the paper, instead of present-

Anderson v. Elem.

ing it for payment himself. In this instance, the defendant did not suffer loss because of delay in presenting the check.

If a check be negotiated to an innocent purchaser, it stands on the same footing as other negotiable paper with respect to defenses the drawer may interpose when sued on the instrument. For purpose of negotiation, a check is not "due" until presented for payment (*Cox v. Bank*, supra), and one who acquires an unpresented check a considerable time after it was issued, may nevertheless be a holder in due course. (*Bull v. Bank of Kasson*, 123 U. S. 105, 111.) Section 60 of the negotiable-instruments act (Gen. Stat. 1915, § 6580) requires that the time shall not be unreasonable. What is a reasonable time depends on a variety of facts and circumstances. (Neg. Inst. Act, § 4, Gen. Stat. 1915, § 6524; *Investment Co. v. Fuller*, 105 Kan. 395, 184 Pac. 727.)

The payee, W. B. Lynch, was a patron of the plaintiff's hotel in Salina. The plaintiff was in the habit of cashing checks for his guests, and had cashed a fifty-dollar check for Lynch two weeks before he was asked to cash the check sued on. The plaintiff testified as follows:

"On the afternoon of November 14, 1919, W. B. Lynch presented check marked Exhibit "A" to me at Planters Hotel, asking me to cash same. I said to him I did not have $200 in cash at the hotel. Mr. W. B. Lynch asked me if I would cash same at the bank. I asked if check was good. Mr. J. R. Stanley was standing near at that time, and asked to look at the check, and said, 'Mr. Elem, of Wichita, Kansas, is O. K., and is known to me personally. He is a real estate man of Wichita, and is worth considerable money.' He mentioned the sum, fifty thousand dollars. So I told Mr. Lynch to sign the check, and I took it to the Planters State Bank, Salina, the same afternoon of November 14, 1919, and received $200 currency, with which I returned to the hotel, and presented to Mr. W. B. Lynch."

Did the lapse of twenty-four days from the date the check was issued, without more, necessarily give to it, in the eyes of the plaintiff, or in law, the same appearance as that of a dishonored draft, or of an overdue and unpaid promissory note?

No question arises with reference to solvency of the bank, or liability of parties other than the maker, or the statute of limitations. It is perfectly true that a check is ordinarily to be regarded as an instrument for present use; but the negotiable-instruments act did not declare that a check is due at once, or that it must be presented, or put in course of collection, by the close of business on the next business day after issue. A check is not overdue, for pur-

pose of negotiation, unless there has been unreasonable delay in presenting it, and unreasonable delay must be interpreted to mean such delay as to make the check obviously stale.

The facts are all before the court. It is essential to uniformity that the court itself should determine questions of this character, and the court holds that the time elapsing between the issuing of the check and its negotiation did not deprive the plaintiff of the rights of a holder in due course.

The proof was uncontradicted that the plaintiff had no notice of infirmity in the instrument, and the circumstances under which he acquired it had no tendency to indicate bad faith. (Neg. Inst. Act. § 63, Gen. Stat. 1915, § 6583.)

The judgment of the district court is affirmed.