No. 32,008

Knight Soda Fountain Company, *Appellee,*
v. N. H. Conine, *Appellant.*

(42 P. 2d 567)

Opinion filed April 6, 1935.

*Hubert Lardner* and *Daniel O. Lardner,* both of Fort Scott, for the appellant.

*A. M. Keene,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to recover installments due on a contract of sale of a soda fountain. Plaintiff recovered, and defendant appeals.

Three installments amounting, with interest, to $300.63, fell due. Defendant made certain deductions, and sent plaintiff a check for the remainder. Plaintiff held the check for seventeen days, when the bank on which the check was drawn, failed. Other installments fell due and were paid. Then two installments fell due which were not paid, and plaintiff sued for all the unpaid installments, and interest. Defendant confessed liability for the last two installments, made tender of payment, and they were included in the judgment. The controversy relates solely to the installments in payment of which defendant sent the check, and in what follows the installments confessedly due and unpaid will be ignored.

To arrive at the amount he should remit to pay the first three installments, defendant properly deducted some freight and drayage charges, because the fountain was to be installed for a gross price. The written contract of sale provided, however, that no plumbing or electric wiring was included. Defendant nevertheless deducted from the amount due, the sum of $37.90 for plumbing, and remitted the balance by a check for $215.59.

Notwithstanding the fact that the contract itself in effect defined installation as not including plumbing, defendant tried to show by oral evidence plaintiff should pay the plumbing bill. The court

held defendant had no right to deduct the plumbing bill. The ruling was manifestly correct, but is of no consequence, in view of the final judgment, to be discussed later.

Defendant presented a claim to the bank receiver for the whole amount of his deposit, with the $215 check uncashed, and the claim was allowed. Afterwards, defendant received a dividend of twenty-one per cent on his claim. The amount apportionable to the $215 check was $45, and the court rendered judgment in favor of plaintiff for that sum, because defendant did not lose that sum through plaintiff's failure to present the check.

Defendant says he should not be charged with the dividend, and plaintiff should be charged with the full amount of the check. In support of the contention, defendant quotes the statute:

"A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." (R. S. 52-1703.)

Defendant simply ignores the concluding and controlling words of the statute, "to the extent of the loss caused by the delay."

Following the quotation of the statute, defendant's brief contains the following:

"*Anderson v. Elem*, 111 Kan. 713, 714. The law of the case is simple enough. 'A check is a bill of exchange drawn on a bank payable on demand, and a check must be presented within a reasonable time after its issue, or the drawer will be discharged from liability.'"

The matter in quotation marks is taken from the opinion in the cited case. The concluding words of the court's statement, which govern this case, are not quoted. The following is what the court said, italics used to show the suppression:

"The law of the case is simple enough. A check is a bill of exchange, drawn on a bank, payable on demand. (Neg. Inst. Act, § 192, Gen. Stat. 1915, § 6713.) A check must be presented within a reasonable time after issue, or the drawer will be discharged from liability thereon *to the extent of loss caused by the delay*." (*Anderson v. Elem*, 111 Kan. 713, 714, 208 Pac. 573.)

Receipt of the dividend, which was not lost to defendant, was admitted. The statute is unmistakably plain, the decision is equally plain, and the law of the case is so simple that to urge defendant's contention is to trifle with the court.

The check was insufficient to pay the amount due plaintiff in full. Plaintiff did not accept the check, but did not notify defendant, and plaintiff held the check until the bank failed. Defendant was not

authorized to deduct the plumbing bill, so the court held both parties were at fault, divided the loss on the check, $170, between the parties, and rendered judgment in favor of plaintiff and against defendant for one-half the sum, or $85. The result was, plaintiff was given judgment for two items, the dividend, $45, and one-half the loss on the check, $85, a total of $130. In doing this, the court took into consideration the check only, and so actually allowed defendant the plumbing bill of $35.90, which the court had found specially should not be allowed. Plaintiff does not appeal, and the judgment may not be corrected here. By using the plumbing money wrongfully in his hands, defendant can satisfy the judgment by paying $92.10 more.

Defendant contends judgment should not have been rendered against him for the $85 item. The amount is not within the appellate jurisdiction of this court. Defendant's contention with respect to the dividend of $45 is frivolous, and the court does not regard that item as genuinely in controversy. Therefore it may not be used to piece out a jurisdictional amount.

The appeal is dismissed.