HIRAM E. MEEKER, as Receiver of FIRST NATIONAL BANK IN MAMARONECK, Plaintiff, *v.* ISIDORE SASKILL and Another, Defendants.

Supreme Court, Special Term, Westchester County, February 20, 1937.

*Lynch & Cahn,* for the plaintiff.

*Sylvan Schwartzreich,* for the defendants.

ALDRICH, J. The motion by the defendants to dismiss the complaint is denied. The cause of action by the receiver accrued when the assessment was made payable. (*McDonald v. Thompson,* 184 U. S. 71; 22 S. Ct. 297; 46 L. Ed. 437; *Aldrich v. Skinner,* [C. C.] 98 Fed. 375; *Aldrich v. McClaine,* [C. C.] Id. 378.)

The period of limitation prescribed by the Civil Practice Act must be computed from the time of the accruing of the right to relief by action to the time when the claim to that relief is actually interposed by the party. (Civ. Prac. Act, § 11.) The receiver

is authorized to bring the action upon the assessment levied by the Comptroller, but there is no authority cited which suggests that the receiver may bring the action prior to the time when the assessment is payable according to the levy of the Comptroller. The liability of the stockholders was fixed when the levy was made, but the right to recover the assessment by action vested in the receiver did not accrue until the assessment was payable and the stockholder had become delinquent thereunder.

The cross-motion by the plaintiff to strike out the answers and for summary judgment is granted as to the defendant Isidore Saskill and denied as to the defendant Mary Saskill. The stock was registered in absolute ownership in both names knowingly and intentionally by the defendant Isidore Saskill and he had full knowledge of all the circumstances in connection therewith. There is a triable issue, however, on that subject with respect to Mary Saskill.

Settle order on two days' notice.