Home Savings Bank, Appellant, v. Bentley and another, Respondents.

*September 8—October 7, 1958.*

20

For the appellant there was a brief by *Glassner & Glassner,* and oral argument by *William E. Glassner, Jr.,* and by *Lawrence Clancy,* all of Milwaukee.

For the respondents there was a brief by *John G. Jursik* of Cudahy, attorney, and *John J. Devos* of Milwaukee of counsel, and oral argument by *Mr. Devos.*

CURRIE, J.   The issues on this appeal are:

(1)  Did the fact, that the plaintiff filed an affidavit setting forth the evidentiary facts in connection with its cashing of the check and the sole affidavit filed in opposition thereto contained no evidentiary facts, require that plaintiff's motion for summary judgment be granted against all three defendants?

(2)  Did the trial court possess the right to enter summary judgment in behalf of the plaintiff as to any of the defendants if the plaintiff were found not to be entitled to such judgment against all of them?

(3)  Did the delay of eight days which occurred between the drawing and presentment of the check to the plaintiff present an issue of fact as to whether there had been an unreasonable delay in the presentment of the check so as to prevent such issue from being disposed of on a motion for summary judgment?

In resolving the first of such three issues there are two well-recognized rules established by past decisions of this

court which it is well to consider. One of these rules is that upon a motion for summary judgment the evidentiary facts set forth in an affidavit completely supplant any allegations or denials in the pleadings to the contrary. *Laughnan v. Griffiths* (1955), 271 Wis. 247, 251, 73 N. W. (2d) 587. The other is that summary judgment is not to be granted in a situation where the evidentiary facts set forth in the affidavit or affidavits filed in support of the motion for summary judgment fail to touch upon a material issue raised by the pleadings. *Hermann v. Lake Mills* (1957), 275 Wis. 537, 544, 82 N. W. (2d) 167.

With respect to the defendant Ralph Bentley, the pleadings raise an issue as to whether or not he was a partner of Bentley Brothers at the time the check was drawn. Inasmuch as he did not personally subscribe the check, in order for the plaintiff to be entitled to judgment against him it must prove the allegation of the complaint that he was such partner. The affidavit filed by the plaintiff in support of its motion for summary judgment set forth no evidentiary facts bearing on such issue. Therefore, the learned trial court properly denied the plaintiff's motion with respect to such defendant.

The Wuerzinger affidavit disposed of all issues raised by the answer of R. B. General Trucking, Inc. We deem the omission of the word "General" from the corporate name of such defendant as written upon the check to be wholly immaterial under the issues raised by the pleadings. The memorandum opinion of the trial court held that the plaintiff would have been entitled to have summary judgment entered against the defendant R. B. General Trucking, Inc., if it had been the only defendant. However, the trial court denied the plaintiff's motion as to such defendant on the ground that but one judgment could be entered in the action, and the plaintiff was not entitled to summary judgment against either of the Bentleys.

This is apparently a case of first impression in this court on the issue of whether a summary judgment may be granted the plaintiff against less than all of the defendants against whom relief is sought.

While the case of *Scharine v. Huebsch* (1931), 203 Wis. 261, 267, 234 N. W. 358, did not involve a motion for summary judgment, the court there stated that it saw "nothing in reason, as distinguished from precedent," to prevent more than one judgment to be entered in an action. In that case the court's disposition of the case required the entry of more than one judgment. Later cases in which this also was done are *Pierner v. Mann* (1946), 249 Wis. 469, 25 N. W. (2d) 83; *Wojan v. Igl* (1951), 259 Wis. 511, 49 N. W. (2d) 420; and *Puccio v. Mathewson* (1951), 260 Wis. 258, 50 N. W. (2d) 390. However, the foregoing cited cases are distinguishable from the instant case in that all of the relief granted to the plaintiffs in each case was embraced within a single judgment, and the second judgment was required in order to dispose of issues to be later litigated between defendants. That will not be the situation in the instant case, if the plaintiff is granted summary judgment against less than all of the defendants.

Our summary-judgment statute was taken from that of the state of New York, *Jefferson Gardens v. Terzan* (1934), 216 Wis. 230, 233, 257 N. W. 154. The courts of that state permit a plaintiff to have summary judgment against less than all of the defendants against whom relief is sought. A New York case in which this was done is *Meeker v. Saskill* (1937), 164 Misc. 718, 298 N. Y. Supp. 754. Likewise in the earlier case of *Matter of Newman* (1925), 211 App. Div. 654, 208 N. Y. Supp. 140, the trial court granted the plaintiff summary judgment against one defendant and denied it against another, and the appellate division reversed on another ground.

The *Scharine Case* makes it clear that the courts of this state do possess the power to enter more than one judgment in a single action where the interests of justice will be promoted by so doing. We deem this to be the proper test to be applied in the instant case. We can perceive of no reason of policy which would be promoted by forcing the plaintiff to wait until it has litigated the issue, of whether Ralph Bentley was a partner in Bentley Brothers at the time the $500 check was drawn, before it can secure judgment against the payee R. B. General Trucking, Inc. Ralph Bentley will nowise be prejudiced if the plaintiff secures immediate judgment against R. B. General Trucking, Inc., but it is conceivable that the plaintiff might well be if denied the same.

There remains the issue of whether summary judgment should be granted as against the defendant James W. Bentley. His answer makes it plain that he considered himself the only person liable as drawer on the check. Even if Ralph were a partner in Bentley Brothers, the plaintiff bank would be entitled to judgment against James individually under the allegations of the complaint. This is because partners are individually jointly liable for the debts of the partnership of the nature sued upon herein. Sec. 123.12, Stats.

The defense raised by James W. Bentley's answer is that the plaintiff bank is not a holder in due course of the check. In view of the statements of evidentiary facts stated in the Wuerzinger affidavit, the plaintiff is established as a holder in due course unless there was an unreasonable delay on the part of the payee in presenting the check for cashing. Even though the check was presented eight days after its issuance, the trial court held that a jury issue was presented as to whether this constituted an unreasonable delay.

The applicable statutes are secs. 116.58,[1] 118.62,[2] and 116.01 (15),[3] Stats. Under the provisions of sec. 116.01 (15), two of the determining factors are the nature of the instrument and the usage of trade or business. It is a matter of common knowledge of which this court may take judicial notice that banks and stores frequently cash checks which are more than eight days old. A severe burden would be placed on these businesses if they were to be denied the status of holders in due course every time they cashed a check, or accepted the same in payment of merchandise, which was a few days old.

In *Anderson v. Elem* (1922), 111 Kan. 713, 208 Pac. 573, the plaintiff hotelkeeper cashed a check for the payee on which the defendant was the drawer. Twenty-four days had elapsed between the date of issuance and such cashing. The defendant in the meantime had stopped payment on the check so that the drawee bank refused payment to the plaintiff. The same defense was made by the drawer in the plaintiff's action to recover the amount of the check as has been made by James W. Bentley in the instant action, viz., unreasonable delay in the presentment of the check. In holding that there was no merit to such defense, the Kansas court declared (111 Kan. at p. 715, 208 Pac. at p. 574) :

"It is perfectly true that a check is ordinarily to be regarded as an instrument for present use; but the Negotiable Instruments Act did not declare that a check is due at once, or that it must be presented, or put in course of collection,

[1] Sec. 116.58. "When an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course."

[2] Sec. 118.62. "A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

[3] Sec. 116.01 (15). "In determining what is a 'reasonable time' or an 'unreasonable time,' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case. . . ."

by close of business on the next business day after issue. A check is not overdue, for purpose of negotiation, unless there has been unreasonable delay in presenting it, and *unreasonable delay must be interpreted to mean such delay as to make the check obviously stale.*

"The facts are all before the court. It is essential to uniformity that the court itself should determine questions of this character, and the court holds that the time elapsing between the issuing of the check and its negotiation did not deprive the plaintiff of the rights of a holder in due course." (Emphasis supplied.)

Surely eight days is not such an unreasonable delay in the presentment of a check as to make the check obviously stale.

*By the Court.*—That part of the order which denied summary judgment against the defendant Ralph Bentley is affirmed; that part of the order which denied summary judgment against the defendants R. B. General Trucking, Inc., and James W. Bentley is reversed, and cause remanded with directions to grant plaintiff's motion for summary judgment as to said two defendants.

MARTIN, C. J., took no part.