**E. O. DORSCH ELECTRIC CO., a Corporation, Plaintiff-Appellant,**

v.

**KNICKERBOCKER CONSTRUCTION COMPANY, Inc., a Corporation, Defendant-Respondent.**

No. 52479.

Supreme Court of Missouri, Division No. 1.

Sept. 11, 1967.

Cox, Cox, Cox & Moffitt, Cox & Moffitt, William A. Moffitt, Jr., Robert C. Brinkman, St. Louis, for plaintiff-appellant.

Carter, Fitzsimmons & Brinker, Lee M. Carter, Clayton, for defendant-respondent.

WELBORN, Commissioner.

This is an action by an electrical subcontractor on a building project against another subcontractor on the project for $21,938.39 damages for negligent damage to the work done and material installed by the electrical subcontractor. The trial court ordered summary judgment in favor of the defendant. The plaintiff appeals.

The dispute here arises out of work on "The St. Louis Plaza Project" located in St. Louis, Missouri. Involved in part are the same contracts which were considered by Division Number Two of this court in the case of E. O. Dorsch Electric Co. v. Plaza Construction Co., Inc., et al., Mo., 413 S.W.2d 167, decided April 10, 1967, shortly before the submission of the present case. In the earlier case, plaintiff's action was against the general contractor and its agents.

In this case, plaintiff's petition alleged that it had installed electrical work on the project, pursuant to a contract with the general contractor; that defendant was a subcontractor for concrete work on the project; that, in the performance of its contract, defendant's agents and employees "negligently and carelessly did damage and destroy certain parts of the electrical work and material which had been previously installed in said buildings by plaintiff, causing said work and material to be unfit for use, which required plaintiff to and it did replace the same, all to the damage of plaintiff in the sum of $21,938.39."

The defendant filed a motion for summary judgment, as did the defendants in the Plaza Construction Co., Inc. case, and, as in the other case, the trial court sustained the motion. In this case, the defendant's motion referred to the motion for summary judgment in the Plaza case, in which the plaintiff had acknowledged that the work was done under contracts there produced. The motion in this case alleged:

"* * * In connection with a motion for summary judgment filed by the defendants in Cause No. 39458, plaintiff has admitted certain contracts marked as Exhibits A, B, C and D, each of which contracts contains the following provision:

"'The title of all materials for which Owner is required to pay and of all work either completed or in the course of construction shall be in Owner. Title of all equipment not purchased by Contractor or Owner shall be in the Agents or in the renter in the case of rented equipment.'

"3. Defendant further states that Article 5 of each of said contracts contains the following provision:

"'The Contractor understands that the work herein provided to be done is to be financed by a Building Loan secured by a mortgage to be insured by the Federal Housing Commissioner, the terms of which are set forth in a Building Loan Agreement between the Owner as Borrower and Manufacturers Trust Company as Lender.'

"4. Article 4 of each of said contracts provides in part as follows:

"'Applications for payments under this Contract are to be made by the Contractor to the Owner, approved by the architect, in quadruplicate on FHA Form No. 2448, on or about the first day of each month after the commencement of work hereunder, for payment for work done during the preceding month or part thereof.'

"5. Defendant further states that the mortgages to which reference is made above cover among other things the following

items: 'all building materials and equipment now hereafter delivered to said premises and intended to be installed therein' and 'all buildings and improvements of every kind and description now or hereafter erected or placed thereon, and all fixtures, including but not limited to all gas and electric fixtures * * *'

"6. Defendant further states that if there was any damage or destruction to the 'electrical work and material' after installation, as alleged by plaintiff, plaintiff had no right or title to or interest in the said work and material at the time of the damage or destruction, if any, but the title to the work and material had previously passed to the owners of the property and had previously been subjected to the mortgages on the property."

The appellant filed no affidavit in opposition to the motion for summary judgment. On this appeal, no objection is made to the formal sufficiency of the motion upon which the trial court acted. The appellant's position is that the contract provisions relied upon by respondent fail to show, as a matter of law, that plaintiff is not entitled to recover on its cause of action.

■ "[1, 2] Summary judgment is authorized where, but only where, the 'pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' Civil Rule 74.04(c), V.A.M.R. In addition to the above, it is further provided that 'In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law.' Civil Rule 74.04(h), V.A.M.R. 'As its name indicates, a summary judgment is an extreme and drastic remedy and great care should be exercised in utilizing the procedure,' Cooper v. Finke, Mo., 376 S.W.2d 225, 229, and the appellate court, as well as the trial court, must view the record

on summary judgment in the light most favorable to the party against whom the judgment is rendered. Anderson v. Steurer, Mo., 391 S.W.2d 839, 842." E. O. Dorsch Electric Co. v. Plaza Construction Co., Mo., 413 S.W.2d 167, 169.

■ In this case, the defendant has seen fit to base its claim for summary judgment solely upon the contract provisions regarding the title to the damaged installations. The defendant did not directly question or controvert the allegations of plaintiff's petition that it was required to redo the damaged work. Although a party against whom a motion for summary judgment has been filed is not permitted to rely solely upon the allegations of his pleading, a summary judgment should not be granted in a situation where the evidentiary facts set forth in the matters supporting the motion fail to negative a material issue raised by the pleadings. Robinson v. Bench, Mo., 409 S.W.2d 145, 148 [2–4]; Burns v. Weber, Mo.App., 399 S.W.2d 446, 449 [3–5]. See Home Savings Bank v. Bentley, 5 Wis.2d 19, 92 N.W.2d 377, 67 A.L.R.2d 1450.

■ The title to the damaged work does not necessarily control the obligation of the subcontractor to redo the work. As pointed out in the Plaza Construction Co. case, "[a]cceptable performance entitling plaintiff to full payment is conditioned on 'final approval and acceptance of Subcontractor's work and materials.'" 413 S.W.2d 173. Under such provision, the subcontractor might be required to redo work which had not been approved and accepted, even though, by the terms of the contract, technical title to the work and materials had passed to the owner. Viewing the matter in the light most favorable to plaintiff, we cannot conclude that the question of title to the damaged work, by and of itself, negatives the obligation which plaintiff alleged was imposed upon it and which resulted in the alleged loss and damage to plaintiff. We agree with the conclusion of Division Number Two in the Plaza Construction Co. case that the contract pro-

visions relied upon by the respondent fail to demonstrate conclusively as a matter of law that plaintiff is not entitled to recover on its cause of action.

The judgment is reversed and the cause remanded.

HOUSER, and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HENLEY, P. J. and SEILER and HOLMAN, JJ., concur; STORCKMAN, J., not sitting when cause was submitted.