**Ernest BENTLY, Appellant,**

v.

**WILSON TRAILER COMPANY, a corporation, Columbia, Missouri, et al., Respondents.**

**No. KCD 26202.**

Missouri Court of Appeals, Kansas City District.

Dec. 31, 1973.

James J. Wheeler, Keytesville, for appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondents.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM.

An appeal from a summary judgment in favor of the defendants below. Plaintiff had alleged that the individual defendants (members of the State Highway Patrol) and the Wilson Trailer Co. had conspired to unlawfully seize a livestock trailer belonging to the plaintiff and deliver it to the trailer company. In furtherance of this conspiracy, the plaintiff alleged, Trooper R. L. Beal stopped a truck-trailer unit be-

longing to the plaintiff on May 4, 1971, and after illegally searching it, took possession of the trailer and delivered it to State Highway Patrol Post B–3 in Moberly. At the post, the trailer was impounded and held until Sergeant R. L. Robinson turned it over to the Wilson Trailer Co.

The defendants denied plaintiff's allegations and answered that Trooper Beal had stopped, searched, and seized the trailer in compliance with his statutory duty as set out in Section 301.390 RSMo 1969, V.A. M.S., and that Sergeant Robinson had released the trailer to Randolph County Deputy Sheriff Ronald Volle after being served with a delivery order in a replevin action on May 6, 1971. They then moved for a summary judgment and filed affidavits, plaintiff's answer to interrogatories, and his answers to requests for admissions in support of the motion. Plaintiff made no response to the motion and filed no counteraffidavits or other documents.

The summary judgment was granted for the individual defendants alone. After its grant, the plaintiff moved to voluntarily dismiss the trailer company, and the motion was granted. As a consequence, only the individual defendants are parties to this appeal.

On review of this case, it must be determined if there remained a genuine issue of material fact at the time the court granted summary judgment. If there was such an issue, the grant of summary judgment was erroneous; if not, the judgment must be affirmed. Rule 74.04, V.A.M.R.

The plaintiff claims on appeal that the issues still alive at the time summary judgment was granted were: 1) whether the defendants were acting for the Wilson Trailer Company; 2) whether the defendants conducted a lawful search and seizure; and 3) whether the defendants unlawfully delivered, or caused to be delivered plaintiff's trailer to the Wilson Trailer Company. In essence, he contends that the entire issue of an unlawful conspiracy was still alive. This contention must be denied.

Rule 74.04(e) requires that the judgment be affirmed. That rule states:

"When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The plaintiff in this case rested on his pleadings at the time of defendant's motion for a summary judgment. A failure to respond to such a motion causes the facts alleged in support of the motion to be deemed as true and admitted. Dietrich v. Pulitzer Publishing Co., 422 S.W.2d 330 (Mo.1968); Grubb v. Leroy L. Wade & Son, Inc., 384 S.W.2d 528 (Mo.1964). To allow a party to fail to respond to a motion for summary judgment and then review his pleadings on the same basis as the other party's supporting documents would be to rob the rule of its utility. First National Bank of Liberty v. Latimer, 486 S. W.2d 262 (Mo.1972).

The facts admitted by plaintiff's failure to respond to the defendants' motion must still present "unassailable proof" of movants' position as required by Rule 74.04(h). E. O. Dorsch Electric Co. v. Plaza Construction Co., 413 S.W.2d 167 (Mo.1967); E. O. Dorsch Electric Co. v. Knickerbocker Construction Co., 417 S.W. 2d 936 (Mo.1969). This requirement is met by the admitted facts here.

The affidavits of Troopers R. L. Beal and T. L. Clarke, Sergeant R. L. Robinson, Captain J. C. Smith of the Highway Patrol, and Dean Swanson, Branch Manager of Wilson Trailer Sales of Missouri, Inc., established the following facts: On May 4, 1971, Trooper Beal saw two truck-trailer

units near the intersection of U. S. Highways 63 and 24 and decided to stop them to examine their registration and identification. On stopping the units, Trooper Beal found that one unit was carrying the proper identification and registration proof, but the other was not. This second unit displayed a metal identification plate on the right-hand side of the livestock trailer bearing number 7924, and likewise carried the license plate and prorate card issued for trailer number 7924. However, on the trailer's metal frame, the trooper found the number 7676 stamped. After discovering this variance, he ordered both units to follow him to Post B-3 in Moberly. There, the second trailer was examined by Troopers Clarke, D. C. Thomas, and Sergeant Robinson. They discovered that the number 7676 was stamped into the center of the front part of the frame and also on the right long member of the frame between the equalizer casting. They also noted that the exterior identification plate and prorate card were at variance with this number. After discussing the matter with Captain Smith, Sergeant Robinson decided that the trailer should be impounded according to the authority of Section 301.390 RSMo 1969, V.A.M.S. The driver of the truck which had been pulling the trailer was given a summons to appear in Magistrate Court for possession of a trailer with altered identification numbers and was released.

On May 6, 1971, Sergeant Robinson was served with a delivery order pursuant to a replevin action by Randolph County Deputy Sheriff Volle. He turned the trailer over to him. According to Dean Swanson's affidavit, the Deputy Sheriff delivered the trailer to the Wilson Trailer Co. after it had posted a bond.

Other facts shown by the affidavits were that the Missouri Department of Revenue's records indicated that the title to trailer number 7676 was in Blakemore and Douglas d/b/a Saline County Truck Line of Slater, Missouri, with a lien on it held by the Wilson Trailer Company. Records from the Missouri Highway Reciprocity Commission revealed that the plaintiff possessed both Wilson trailers number 7924 and number 7676, and that the license plate and prorate card carried with the seized trailer were issued to trailer number 7924 and not 7676. The affidavit of Dean Swanson established that Wilson trailers made prior to 1969 (as both 7924 and 7676 were) carried their identification numbers in three places: the two places where the number was stamped into the frame, and on an identification plate affixed to the exterior by pop rivets. The troopers' affidavits all noted the fact that the identification plate on the seized trailer was held on with metal screws.

Plaintiff's answers to interrogatories and defendants' requests for admission revealed that he had purchased both trailer number 7924 and number 7676 from Blakemore and Douglas, but that he had received no certificate of title for either one. He admitted that he knew the Wilson Trailer Co. claimed a lien on trailer number 7676, but believed Blakemore and Douglas' denial of the validity of the claim. Plaintiff claimed to have insufficient knowledge of the facts to confirm or deny that the identification plate from trailer number 7924 had been removed from it and placed on trailer number 7676.

The facts support the defendants' contention that they acted lawfully in seizing the trailer as Section 301.390(2) RSMo 1969, V.A.M.S., says:

"Every peace officer who has knowledge of a motor vehicle, trailer or motor vehicle tire, the number of which has been removed, covered, altered, destroyed or defaced, and for which no special number has been issued, shall immediately seize, take possession of such motor vehicle, trailer or motor vehicle tire, arrest the supposed owner or custodian thereof, and cause prosecution to be begun in a court of competent jurisdiction."

This provision has been upheld as a valid exercise of the State's power to regulate

and control motor vehicles and their use within the State. Middleton v. American States Ins. Co., 217 S.W.2d 386 (Mo.App. 1949); Star Square Auto Supply Co. et al. v. Gerk et al., 325 Mo. 968, 30 S.W.2d 447 (1930).

■ A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act or to use unlawful means to do an act which is lawful. As stated in Mills v. Murray, 472 S.W.2d 6, 12–13 (Mo.App.1971):

"A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which is lawful. Royster v. Baker, Mo., 365 S.W.2d 496, 499 [2]; Shaltupsky v. Brown Shoe Co., 350 Mo. 831, 168 S.W.2d 1083, 1084 [1]. Since the primary purpose of a civil conspiracy is to cause injury to another, the gist of the action is not the conspiracy, but the wrong done by acts in furtherance of the conspiracy or concerted design resulting in damage to plaintiff. Contour Chair Lounge Co. v. Aljean Furniture Mfg. Co., Mo.App., 403 S.W.2d 922, 926 [1–4]; Rosen v. Alside, Inc., Mo., 248 S.W.2d 638, 643 [1–5]. Strictly speaking, the fact of conspiracy is not actionable, there is no distinct writ of conspiracy, but the action sounds in tort and is in the nature of an action on the case upon the wrong done under the conspiracy alleged. Byers Bros. Real Estate & Ins. Agency v. Campbell, Mo. App., 353 S.W.2d 102, 105 [1–3]; Stevens v. Rowe, 59 N.H. 578, 47 Am.Rep. 231. Conspirators are joint tortfeasors and each is jointly and severally liable for all damages naturally flowing from the conspiracy, each defendant is made responsible for the acts of the other in pursuance of the common design. Wooldridge v. Scott County Milling Co., Mo.App., 102 S.W.2d 958, 964 [2, 3]; 15A C.J.S. Conspiracy § 18. But a conspiracy does not give rise to a civil action unless something is done pursuant to

which, absent the conspiracy, would create a right of action against one of the defendants, if sued alone. Rosen v. Alside, Inc., 248 S.W.2d 1.c. 643 [5]; Darrow v. Briggs, 261 Mo. 244, 169 S.W. 118, 125 [5]. 'The fact of a conspiracy merely bears on the liability of the various defendants as joint tort-feasors.' Royster v. Baker, 365 S.W.2d 1.c. 500 [2–4.]"

■ Here there is no factual basis for a right of action against the highway patrolmen for their seizure of the trailer. Nor is there any basis for a claim against the trailer company for exercising its right to replevin the vehicle.

The plaintiff has alleged that the "conspiracy" consisted of the acts of the individual defendants in stopping the trailer and while "pretending" to be police officers, seize and search the trailer. The allegation of "pretending" does not prove itself since, as noted, plaintiff may not stand on his pleadings in the fact of the motion for summary judgment. Also, as noted above, the police officers, by affidavit, asserted they were acting in their official capacity. No other claim is made in the pleading which would assert any other act of the individual plaintiffs to create a cause of action in civil conspiracy. Mills v. Murray, 472 S.W.2d 6 (Mo.App.1971). See also Grubb v. Leroy L. Wade & Son, Inc., supra; Rosen v. Alside, Inc., 248 S.W.2d 638 (Mo.1952). In the Grubb case, the court upheld a grant of summary judgment where the party alleging a conspiracy rested on his pleadings instead of responding to the defendant's motion saying, "They were required to support them [the pleadings] by affidavits setting forth specific facts showing that there was a genuine issue for trial." 384 S.W.2d at 534.

As the plaintiff made no response to defendants' motion and as the facts admitted as true show no illegal conspiracy, no genuine issue of material fact existed at the time summary judgment was granted. No error appearing, the judgment is affirmed.